## DAVIS, SAWYER & CO. v. STROHM.

1. **Evidence: BOND.** In an action by the holder against the maker, on a promissory note executed for the purchase-money of real estate, for the conveyance of which the payee bound himself, it is competent to show by parol evidence that such payee's only title to such real estate was a bond for a conveyance from another party, not for the purpose of showing title or the want thereof, but as a foundation for further investigation in reference to the title.

**2.** —— LOST BOND: SECONDARY EVIDENCE. It is competent to show the destruction of a bond as a foundation for secondary evidence of its contents.

**3.** —— PAROL EVIDENCE OF TITLE. It is competent to show, by the parol evidence of a witness, who has examined the record title of real estate, that he has made such examination, and the chain of title in such manner that the deeds or copies thereof may be produced, and that there are no other deeds of record.

**4.** Practice: EXCEPTION TO INSTRUCTIONS. An exception to an instruction on the ground that it assumes facts not proved, is sufficient, without pointing out specifically wherein or how it assumes such fact.

**5.** Instructions: Instructions to a jury should be so clear and certain as not to be susceptible of two constructions.

**6.** Evidence: TITLE TO REAL ESTATE. The general rule is, that parol evidence of the title to real estate is inadmissible, but the rule has its exceptions, as: 1. When the title papers are lost their contents may be shown by parol; 2. A parol purchase followed by payment of the purchase-money, or by possession under the contract of purchase; 3. When the vendor himself is the witness offered to prove such a sale. There are, possibly, other exceptions to the rule.

**7.** Practice: EXCLUSION OF EVIDENCE. When evidence which would be incompetent in any event has been received without objection, it may be withdrawn from the jury by the instructions of the court; but when secondary evidence has been received without proper foundation, and without objection, it should not be withdrawn from the jury by the instructions of the court.

**8.** Promissory note: COLLATERAL. *The Trustees of Iowa College* v. *Hill*, 12 Iowa, 462, as to the taking of notes as collateral security, and the rights of the holder, cited and approved.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 7.

SUIT upon a promissory note for one thousand dollars, made by defendant to B. C. Kauffman and indorsed in blank. The defendant answers that the note was given in part consideration for certain lots in Burris City, Louisa county, Iowa; that the whole consideration agreed to be

paid was forty-two hundred dollars; that fourteen hundred was paid in cash, and two notes for one thousand each, and one for eight hundred dollars were given, payable in one, two and three years, the note sued on being the one first due; Kauffman's bond was taken for a conveyance of the lots upon the payment of the notes; that before the maturity of either note, defendant ascertained that Kauffman had no title to the lots, and could not obtain any, and by agreement between them the contract was rescinded, and Kauffman gave up two of the notes, and agreed to give up the other and pay back the fourteen hundred dollars, and defendant gave up the bond for title, which was destroyed.

The answer denied the ownership of the note by plaintiff, or that they were holders for value; and also specifically averred total failure of consideration.

There was a trial by jury, a verdict and judgment for plaintiffs, from which the defendant appeals.

*Edmonds & Ransom* for the appellant.

*Clarke & Davis* for the appellee.

Cole, J. — I. After the plaintiffs had introduced the note and blank indorsement in evidence and rested their case, the defendant produced witnesses and proved the consideration of the note, the rescission of the contract, the surrender and destruction of the other notes and bond in substance as stated in his answer. He then introduced as a witness B. C. Kauffman, the payee of the note, who testified that Alvin Sanders was his agent and attorney, and acting for him in making collections; and that a few days after he took the note in suit from defendant, he handed it with another note to his attorney, Sanders, and told him to collect them, and when collected he wanted

1. EVIDENCE: bond.

to apply the proceeds on a debt which he owed to plaintiffs, and which was also then in the hands of Sanders for collection; that Sanders did not ask him to leave the note as collateral, nor did he so leave it. He also testified that he never made any conveyance of said lots to the defendant, and that defendant never received any consideration for the note sued on.

The defendant then offered to prove, by the parol testimony of this witness, that the only claim or title he had to the lots, or any of them, was a bond for a deed for the same from one Burris; that the witness held such bond at the time of his sale to defendant, but shortly after he ascertained that Burris could not make any title to the lots, or any part thereof, to the witness, and thereupon the witness received from Burris the money he had paid him, and canceled the agreement with Burris and surrendered his bond, which was destroyed, and also offered to prove the contents of said bond.

The plaintiffs objected to the giving of this testimony, and the court sustained the objection and refused to permit defendant to prove it; and this ruling is assigned as error.

It was clearly competent and proper for the defendant to prove, by the parol testimony of his grantor, the witness, that the only title or claim he had was a bond for title from his grantor; and this, not for the purpose of showing title to real estate or the want of it, but as a legitimate means of directing the further investigations of the title, and showing thereby, by proper evidence, that a title thus derived was worthless.

So, also, was it competent to show that the said bond for **2.** ——— title was destroyed, and after showing such de-**Lost bond: secondary evidence.** struction to prove its contents; and this for the purpose of proving one link in the chain of title. The refusal to admit this evidence was error.

Whether it was competent to prove by parol that the witness had "ascertained that Burris could not make any

**3. ——** title to the lots, or any part of them," would
Parol evi- depend upon the manner in which he had ascer-
dence of
title. tained the fact. If it was by conversation with other persons, who even professed to have full knowledge of the title, it would be most clearly incompetent. But if he had ascertained it by a personal examination of the proper records of the county, and could state the chain of title so that the deeds themselves, or copies, could be produced, and that there was no other title of record, such parol testimony might be competent.

II. The court instructed the jury that "it is claimed by the defendant that plaintiffs hold said note as collateral

**4. Prac-** security merely," &c. To the giving of which
**tice: ex-**
ception to the bill of exceptions states, "the defendant then
instruc-
tions. and there specifically and duly excepted, for the reason that it did not correctly state the law as applied to the case, and it assumes facts not proved in the case."

In truth and in fact the defendant denied that plaintiffs held the note as collateral security, and in the course of the trial introduced a witness to prove that they did not so hold it; and the defendant's theory of the case was in part based upon the fact that plaintiffs did not hold it as collateral at all. In the concluding paragraph of the bill of exceptions, the district judge who tried the cause states that the instruction "incorrectly states that it is claimed by defendant that the plaintiffs hold said note as collateral, &c.; that the words 'by defendant,' therein, was an inadvertence on the part of the court—the court merely intending to say that it is claimed, without saying by which party, and the attention of the court was not called specifically to the error at the time."

A fair construction of the whole bill of exceptions, with this additional statement by the district judge, is, that

defendant's counsel excepted specifically on the ground, as stated, that it assumed a fact not shown, but did not point out specifically wherein, or how, it assumed such fact. This latter particularity is not required; if it was, it would often lead to a discussion or argument upon instructions, as they were being given, and thence to confusion, instead of what the law requires—a simple exception and a plain statement of the grounds upon which it is made. This latter course was pursued by the defendant's counsel, and although both the court and counsel acted in the utmost good faith, the inadvertent error was material, and if the instruction as given received from the jury that consideration which all instructions should receive at their hands, it should very properly determine their conclusion upon that fact about which the evidence was quite equally balanced.

III. The court further instructed the jury that "if the note was indorsed by defendant (meaning Kauffman), and
5. Instruc-    deposited with plaintiffs or their agent, with
tions.        instructions to collect the same and apply the
proceeds upon the indebtedness of defendant (meaning Kauffman) to plaintiffs, this would make the plaintiffs holders thereof as collateral security." The counsel for appellant, in their argument, concede the correctness of the principle embodied in this instruction; but, inasmuch as the proof shows that the plaintiffs' agent was also the agent of the payee who deposited the note with him, it is claimed that the instruction should have clearly specified that it was left with plaintiffs' agent *as such*. Since the cause must be reversed on other grounds, we suggest that, in our view, the instruction would be much less liable to be *misconstrued* if it had the specification suggested. An instruction ought to be so clear and certain as not to be susceptible of two constructions. In view of the evidence in this case, the instruction as given might have misled the jury. But it

was not excepted to generally, nor on this ground, but on the ground that it did " not correctly state the law as applied to the case."

IV. The court further instructed the jury that, "in order to show a failure of consideration, it would be necessary for the defendant, by legal documentary or record evidence, to show who held the legal title to the lots agreed to be conveyed, and to show by such evidence that Kauffman had not the title, and could not perform the conditions of his bond; and unless he has proved the failure of title, and consequently of the consideration by the proper evidence as above indicated, you will disregard all the oral evidence upon the subject of the title to said lots." There can be no doubt of the correctness of the general rule that parol evidence is not admissible to prove title to real estate. But there are exceptions to this rule. If the title paper is lost, its contents may be shown by parol; or if there has been a parol purchase of real estate, followed by the payment of the purchase-money; or the taking possession of such real estate, under and in pursuance of such contract; or the vendor himself, when called as a witness in the case, proves such sale, and possibly in some other cases, parol evidence is admissible to show such title.

*6. EVIDENCE: title to real estate.*

When evidence which is incompetent in any event is introduced by a party, even without objection by the adverse party, it is very proper for the court to exclude it on motion, or instruct the jury to disregard it entirely. But where evidence is secondary in its character, and may be made competent by other proof, such as the loss or absence of the primary, and it is introduced without objection (the adverse party having opportunity to make such objection), such evidence ought not to be by instruction withdrawn from the consideration of the jury. The defendant had, in this case, without

*7. PRACTICE: exclusive of evidence.*

objection, so far as appears from the transcript, introduced parol evidence of the loss and contents of a bond for title, and some other oral evidence upon the subject of title, which was merely secondary evidence, and it was therefore error to instruct the jury to disregard it. Any other rule would enable a party to deceive and entrap the adverse party by admitting secondary evidence without objection, which might, if objected to, be made primary, and then by instruction withdraw it from the consideration of the jury, when it is too late to show by other testimony its competency.

V. The court, in its instructions to the jury upon the subject of taking the note as collateral security for an 8. PROMIS- antecedent debt, followed the rule as laid down SORY NOTE: collateral. by this court in the case of *The Trustees of Iowa College* v. *Hill*, 12 Iowa, 462, and its action in that particular, as well as in all other matters not hereinbefore otherwise noticed, is fully approved.

Reversed.