## THE STATE OF IOWA v. GREEN.

1. Jury: SPECIAL JURORS. In calling special jurors summoned on a special *venire,* for the trial of a particular indictment, their names may be called in the order in which they were summoned by the sheriff; but the better practice is to place their names on ballots and draw them as regular jurors; and this is the proper practice when they are summoned for the entire term.

2. Instructions: MODIFICATIONS SHOULD BE PERTINENT. Modifications made by the court in an instruction asked by a party should be pertinent to the instructions as asked; and when the modification made is erroneous if pertinent, the judgment will be reversed.

*Appeal from Dubuque District Court.*

TUESDAY, JUNE 12.

DEFENDANT is one of the parties mentioned in the preceding case (*State* v. *Reid*); was tried with Emerson, convicted, sentenced to the penitentiary for seven years, and now prosecutes this appeal.

*W. J. Knight* for the appellant.

*F. E. Bissell*, Attorney-General, for the State.

WRIGHT, J.—Appellant relies upon six errors for a reversal. The first, second, third and fourth are the same

1. JURY: special jurors.

as the first, second, fifth and seventh, decided in Reid's case, *ante.* These are left as there ruled, and we turn our attention to the two others.

The trial jury was formed as follows: Twelve of the regular panel were out deliberating upon another case. The names of the remaining twelve were drawn regularly by the clerk, and all but three excused as disqualified by actual bias. The court then ordered that a special *venire* issue to summon thirty-six persons to act in addition to the regular panel. Court then adjourned until the afternoon to give the sheriff time to execute this process. The *venire* was returned, and in filling the jury the sheriff called the names in the order in which they appeared thereon. Defendant insisted that the names should be put on separate ballots, placed in a box and drawn therefrom in the manner required by law for drawing the regular panel, and objected to the method adopted. The objection was overruled, and of this action the defendant now complains.

There is some doubt from the record whether these jurors were returned for the term or merely for the trial

of this indictment. If for the term, our opinion is, that like those originally selected and summoned, their names should have been placed on ballots and drawn by lot from the box. If merely for this trial, while it would have been better to place their names in a box, there is nothing in the law requiring it.

. The sheriff might have summoned from the bystanders persons to fill the jury. If instead of this, he, under a formal process, selected them from the county or those outside the court house, he might, after thus securing their presence, call them in consecutive order or otherwise to make up the jury. As suggested, there could certainly be no objection, if a prisoner should ask it, to placing the names, when thus returned, in the box; and this seems to us the better practice. But if returned for the trial of a particular indictment, there is nothing *requiring* the ballot system. As the last and remaining point in the case must reverse it, however, we need not say more on this. On the second trial, should the question arise, what we have said will be a sufficient guide, and we need not in view of the record pass more positively upon it.

Defendant asked this instruction: "no act, word or deed of Fields and Reid, nor the possession by them of prop-

2. INSTRUC-TION: modifications should be pertinent.

erty said to have been stolen at the time of the alleged burglary, said done or had by them after said burglary was completed, can have any weight against defendants on trial, unless the proof satisfies you beyond a reasonable doubt, that the defendants either assented to the act, word or deed proved, or participated in such possession." This was given with the following addition or modification: "Provided, however, if you are satisfied beyond a reasonable doubt of the existence of a conspiracy or criminal combination between the defendant and Fields and Reid, for the commission of the offense charged in the indictment, then the acts, words and deeds

of Fields and Reid, in furtherance of such design, are proper evidence against the defendants."

The modification manifestly mistakes the tenor of the instruction as asked; is not pertinent to the rule which the defendant was seeking to get before the jury; is easily subject, to say the least of it, to misconstruction, and is well calculated to mislead and confuse. The instruction refers to acts or words of the other defendants and conspirators, *after* the commission of the crime. And here the general rule is, that such acts or declarations are only receivable against the party making or doing the same.

The modification however referred to acts or declarations *preceding* the commission of the offense, while the conspirators were engaged in accomplishing their purpose, and, if given and thus understood as a distinct proposition, is not objectionable. But *if* thus understood, when taken in connection with the instruction asked, then it was an improper addition, and could not do otherwise than mislead the jury. For the instruction and modification are, in this view, framed upon two distinct and diverse themes. If, however, the modification is to be construed as referring to acts or declarations *subsequent* to the burglary, then it is clearly wrong, and there was error in thus changing and completely destroying the force and meaning of the instruction. So that, in any event, we think the court erred; and that, because of this error, a new trial should have been granted. *The State of Iowa* v. *Knight*, 19 Iowa, 94; 1 Whart. Cr. L., § 703; *The United States* v. *White*, 5 Cranch, 38; *Melen* v. *Andrews*, 1 M. & W., 336; *Hunter* v. *The Commonwealth*, 7 Grat., 641; *Rex* v. *Hunt*, 3 B. & R., 566. And as to confused instructions, *Davis, Sawyer & Co.* v. *Strohm*, 17 Iowa, 421; *Eyser* v. *Weissgerber*, 2 Id., 481; *Hall* v. *Hunter*, 4 G. Greene, 542; *Abbott* v. *Striblen*, 6 Iowa, 191; *Sumner* v. *State*, 5 Blackf., 579; *Brown* v. *Graham*, 24 Ill., 628.                      Reversed.