THE STATE v. MITCHELL.

1. **Highway**: ESTABLISHED BY USER: NOTICE. A highway cannot be established by user alone, although the owner of the land had knowledge of such use, unless the owner also had express notice that a highway was claimed, independent of the mere use.

*Appeal from Fayette District Court.*

FRIDAY, JUNE 9.

AN information was filed charging the defendant with obstructing a highway contrary to the provisions of chapter 17, of the laws of the Fifteenth General Assembly. Miller's Code, Sec. 3999½. Upon a trial in the District Court, the defendant was found guilty; judgment on the verdict, and he appeals.

*S. S. Powers* and *D. W. Clements*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, CH. J.—The court instructed the jury as follows: "A highway may be constituted also by ten years use in connection with other facts. If you find from the evidence that the place where the digging was done, was within the line of travel by the public generally, and that such line of travel had been maintained for a period of ten years continually prior to May 24, 1879, and that the owner of the land had knowledge that it was being so used, and did not object to such travel, and the public were claiming the right to so use it, then the place where such digging was done was in a highway. But it is necessary that the travel should have been all the time on one line and not at one time on one place and at another time at a considerable distance from such place. Or if the travel and use of the road was given by the owner as a mere

1. HIGHWAY: established by user: notice.

favor, for temporary and not permanent use, then the road does not belong to the public, for a highway."

"Ways by prescription, and ways by dedication rest upon entirely different principles. The first is established upon evidence of use by the public adverse and continuous, for a period (in Iowa of ten years, or more) from which use arises a presumption of a reservation or grant, and acceptance thereof, or that it has been laid out by the proper authorities, of which no record exists. The second is created by the permission or gift of the owner, and upon the acceptance of such gift by the public authorities, it becomes a way, and the owner cannot withdraw his dedication." Endicott, J., in *Commonwealth v. Coupe*, 128 Mass., 63.

It is provided by statute: "In all suits hereafter brought, in which title to any easement in real estate shall be claimed by virtue of adverse possession of the same for the period of ten years, or by prescription, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be proved by evidence distinct from and independent of the use, and that the party against whom the claim is made had express notice thereof; and these provisions shall apply to public as well as private claims." Code, Sec. 2031.

Where it is claimed a highway has been established by dedication, the use is not material, except in cases of doubt it may aid in establishing a dedication by a gift, or grant, of the owner. But when it is claimed it has been established by prescription, the use is the only evidence upon which the right is usually based. The instruction above set out does not clearly distinguish between the two modes. One thing, however, is clear, and that is, it holds a highway may be established by user alone, if the owner has knowledge of such use. Under the instruction it is not a material question whether the owner has knowledge of the claim made; that is, that a highway was claimed. The instruction therefore, we do not think, can be sustained. For, as we think, the

meaning of the statute is, that the "use (of the premises) shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possesssion (that is, that the possession was adverse) shall be proved by evidence distinct from and independent of the use, and by evidence, that the party against whom the claim is made had express notice thereof" (that is, of the use and claim).

In other words, a highway cannot be established by user alone, although the owner may have had knowledge of the use but did not have "express notice" a claim was made based thereon independent of, or addtional to, the mere use. Therefore it does not matter whether the instruction is based on prescription or dedication, or both, it is erroneous. We have no occasion to determine whether the statute applies to a case where the highway has been used by the public for ten years prior to the first day of September, 1873, when the statute took effect, because no such question was submitted to the jury.

Reversed.