SMITH v. C., M. & ST. P. RAILWAY COMPANY.

1. **Railroads:** INJURY TO STOCK: SERVICE OF NOTICE. In the absence of all proof to the contrary, it will be presumed that a station agent of a railroad company is employed in the management of such business of the corporation as usually devolves upon such agents, and service in due manner and form upon him of a notice and affidavit of killing stock, *held* sufficient to bind the company.

2. **Practice:** INSTRUCTION: BURDEN OF PROOF. Where defendant introduced no evidence, and plaintiff's evidence was not conflicting, it was not error, in the absence of a request by the defendant, for the court to omit the usual instruction that the burden of proof is upon the plaintiff.

3. **Railroads:** PRESUMPTION AS TO DISTANCE BETWEEN STATIONS. Plaintiff's stock was injured one and one-fourth miles from a station on defendant's road, but the evidence did not otherwise show that the place where the injury occurred was not on one of defendant's depot grounds. *Held* that the jury had the right, in the absence of proof to the contrary, to presume that the place was not on depot grounds; and that if the defendant had stations only one and one-fourth miles apart, it was incumbent on it to show that unusual fact.

*Appeal from Cerro Gordo District Court.*

FRIDAY, MARCH 23.

ACTION to recover double damages for stock killed by a train on the defendant's road, at a place where it is alleged

the defendant had a right to fence, and neglected to do so. Jury trial, verdict, and judgment for plaintiff for $110. The defendant appeals. The facts are stated in the opinion.

*Geo. E. Clark* and *W. B. Cary*, for appellant.

*H. H. Bush*, for appellee.

DAY, CH. J.—I. It is insisted that the court erred in admitting in evidence the notice and affidavit of the destruction of the plaintiff's property, because there was no proper proof of the service of them upon the defendant. Section 1289 of the Code, provides: "If such corporation neglects to pay the value of or damage done to any such stock within thirty days after notice in writing, accompanied by an affidavit of such injury or destruction, has been served on any officer, station or ticket agent, employed in the management of the business of the corporation in the county where the injury complained of was committed, such owner shall be entitled to recover double the value of the stock killed, or damages caused thereto."

1. RAILROADS: injury to stock: service of notice.

The stock in question was killed in Hancock county. The evidence shows that the original of the notice and affidavit were served upon H. E. Barber, station agent of the Chicago, Milwaukee & St. Paul Railway Company at Garner, Hancock county, Iowa, by reading them to him, and giving him the original affidavit and notice, and that Barber was the defendant's station agent at Garner at the time of service. The point of the objection is that the proof does not show that Barber was employed in the management of the business of the defendant in the county where the loss complained of. was committed. The proof does show, however, that Barber was a station agent of the defendant in the county where the injury was done. If he was a station agent of the defendant at Garner, he was of necessity employed in the management of such business of the corporation as usually devolves upon

such agent. At least, in the absence of all proof to the contrary, it will be presumed that he was so employed. That the notice was sufficient, see *Welsh v. C., B. & Q. Railway Company*, 53 Iowa, 632.

II. It is insisted that the court erred in failing to instruct the jury that the burden of proof was upon the plaintiff, and that, before he could recover, he must produce a fair preponderance of evidence. There was no conflict in the evidence. The defendant introduced no testimony. It was not, therefore, incumbent upon the court, on its own motion, to instruct as claimed above. If the defendant desired such an instruction it should have requested it of the court.

2. PRACTICE: instruction: burden of proof.

III. It is insisted that there was no evidence before the jury that the defendant had a right to fence its road at the point where plaintiff's stock was injured. The evidence clearly shows that there was no public highway or crossing at the place where the stock was killed. The point seemed to be relied upon by the defendant is, that the evidence does not show that the place where the stock was killed was not upon the defendant's depot grounds. It does, however, clearly appear from the evidence that the defendant has a station at Garner. The evidence further shows that the stock was killed one and one-fourth miles west of Garner. The jury, we think, was warranted in presuming that the defendant did not have depot grounds within one and one-fourth miles of a station. If such an unusual thing as stations only one and one-fourth miles apart existed upon defendant's road, that fact should have been shown by the defendant. In *Comstock v. The Des Moines Valley Railroad Company*, 32 Iowa, 376, it is said: "The defendant can always and easily establish by proof what grounds are used for station purposes." We discover no error in the record.

3. RAILROADS: presumption as to distance between stations.

AFFIRMED.