HASNER v. PATTERSON ET AL.

1. **Practice on Appeal**: TRIAL DE NOVO: EVIDENCE WANTING. Where the abstract does not purport to contain all the evidence a trial *de novo* cannot be had.

2. ————: ASSIGNMENT OF ERROR: TOO GENERAL. Where a motion for a new trial is based on several grounds, it is not sufficient to assign as error simply that the court erred in overruling the motion.

3. ————: EQUITY CASE: ERROR IN ADMITTING EVIDENCE. In an equity case, error in admitting evidence does not constitute a ground of reversal.

*Appeal from Linn Circuit Court.*

THURSDAY, JUNE 17, 1886.

THIS action in equity was brought by the plaintiff as a judgment creditor of the defendant Cassey Patterson, and for the purpose of setting aside a conveyance of land alleged to have been made by her to her co-defendant, Jane Stinson, for the purpose of defrauding the grantor's creditors. There was a decree for the plaintiff. The defendant Jane Stinson appeals.

*Geo. W. Wilson*, for appellant.

*Blake & Hormel* and *E. E. Hasner*, for appellee.

ADAMS, CH. J.—This case cannot be tried *de novo*, for the reason that the abstract does not purport to contain all the evidence. The abstract, it is true, contains a certificate by the judge as to the evidence upon which the case was tried; but such certificate cannot show that the abstract contains all the evidence. The defendant made a motion for a new trial, based upon four different grounds. The motion was overruled, and the defendant assigns the overruling of the motion as error. But the assignment is too general. We have frequently held that where a motion for a new trial is based

upon several grounds, it is not sufficient to assign as error that the court erred in overruling the motion. The defendant complains that the court erred in admitting certain evidence, but in an equity case such error, if any, does not constitute a ground of reversal.

AFFIRMED.