ZIGEFOOSE v. ZIGEFOOSE ET AL.

69 391
98 504

69 391
113 427

1. **Easement:** PRIVATE WAY BY PRESCRIPTION: EVIDENCE. In order to establish title by prescription to a private way over another's land, it is not sufficient to establish the prior use of the way alone, but the fact of adverse possession must be established by evidence distinct from and independent of the use, and that the person against whom the claim is made had express notice thereof. (*State v. Mitchell*, 58 Iowa, 557; *State v. Kansas City, St. J. & C. B. R'y Co.*, 45 Id , 139; Code, § 2031.) The evidence in this case (see opinion) *held* insufficient for the purpose.

*Appeal from Washington District Court.*

WEDNESDAY, JUNE 23.

ACTION to enjoin the defendants from closing up a highway. The court found and entered a decree that the plaintiff was entitled to a private way across certain real estate owned by the defendants, and they appeal.

*Dewey & Eicher*, for appellants.

*John W. Templin*, for appellee.

SEEVERS, J.—The petition states that plaintiff is the owner of the west $\frac{3}{4}$, and that the defendants are the owners of the remaining $\frac{1}{4}$, of the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 35, in township 74 N:, range 6, in Washington county, Iowa, and the plaintiff claims that a road thirty feet wide along the south line of said tract of land exists and has existed for more than ten years, and the same has been continuously used by the public as a public highway. The plaintiff claims that the road was laid out and dedicated in 1843 or 1844 by Benjamin Zigefoose as a public highway, under whom both parties claim. This claim is not sustained by the evidence. There is no evidence tending to show a dedication, nor is there any which tends to show that it was ever laid out, established, or so intended as a public highway. At most, Benjamin Zige-

foose used, and declared that he intended to have, a private way along the south side of the land, but in 1844, as we understand the evidence, the real estate belonged to the United States, and Benjamin Zigefoose did not become the owner thereof until after 1851.

That there was a way along the south line of said premises which was used to some extent for several years by the plaintiff and persons desiring to visit him, and to a small extent by others, sufficiently appears, but the exact location of this way is not clearly shown. For some distance it ran along the line as claimed by the plaintiff, and then deflected north a distance of ten or more rods. We are satisfied that the plaintiff many years ago fenced up the way at a point where the same entered his premises, and put up gates or bars through which egress could be had. He admits that he did so. A careful consideration of the whole evidence satisfies us that the plaintiff has failed to establish by a preponderance of the evidence that he is entitled to a private way or easement over the land of the defendant. If the plaintiff is so entitled it is by prescription. In such case it is not sufficient to establish the use, but the fact of adverse possession must be established by evidence distinct from and independent of the use, and that the person against whom the claim is made had express notice thereof. Code, § 2031; *State v. Mitchell*, 58 Iowa, 567; *State v. Kansas City, St. J. & C. R'y Co.*, 45 Id., 139. If the occasional use of the way be eliminated from the evidence, but little remains, and clearly, we think, the plaintiff has failed to show by a preponderance of the evidence, independent of the use, that he was in adverse possession of the way or was entitled thereto. The judgment of the district court is erroneous, and the cause will be remanded, with directions to dismiss the petition on the merits, or the defendants may have such a decree in this court.

                                        Reversed.