THE MERCHANTS' UNION BARB WIRE CO. v. RICE ET AL.

1. **Instructions**: REPETITION NOT REQUIRED. A court is not required, upon request of a party, to instruct the jury on a point which is made sufficiently clear by other instructions given.

2. **Corporation**: ACT OF AGENTS: RATIFICATION. Where it was shown that a corporation had received a check, which its officers must have known was received through a settlement by its committee with the drawer, *held* that this was sufficient evidence to justify the court in submitting to the jury the question of the ratification of the settlement by the corporation.

3. **Assignment of Error**: TOO INDEFINITE. Assignments of error as follows: "The court erred in admitting improper and rejecting proper testimony, as shown by the record," and "The court erred in admitting certain evidence of the defendant against plaintiff's objection," *held* too indefinite, under § 3207 of the Code, to demand the attention of this court.

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 25.

ACTION for money had and received. The plaintiff sued the defendant upon an itemized account in which it claimed that, after allowing all proper credits, there was due it a balance from the defendants. The defendants admitted that the account upon which the plaintiff sued was correct, except as to the amount of the credits allowed in their favor, and alleged certain counter-claims, and that they had a settlement of all matters of difference between them and the plaintiff, and that the plaintiff was paid in full the amount ascertained to be due it on said settlement. There was a judgment upon a verdict for defendant. Plaintiff appeals.

*Runnells & Walker*, for appellant.

*Macy, Sweeney & Sherman*, for appellees.

BECK, J.—I. The defendants allege a settlement, and that, under and in pursuance thereof, plaintiff's claim was

paid. They also pleaded a counter-claim for certain wire and other merchandise delivered to plaintiff. The settlement pleaded in the answer was made by a committee of plaintiff's directors or officers. Plaintiff claims that this committee was only authorized to settle with I. N. Rice touching his dealings as treasurer of plaintiff, which office he held, and not with I. N. Rice & Co., a firm of which he was a member.

II. The plaintiff requested the court to instruct the jury that, if they found the authority of the committee was limited to settling with I. N. Rice as treasurer, they had no right to settle with I. N. Rice & Co.

1. INSTRUC- TIONS: repe- tition not re- quired.

This instruction, we think, was rightly refused, for the reason that the court had given the same rule substantially in another instruction, and was not required to repeat it. That instruction was to the effect that a corporation could only act through a duly-authorized agent or committee. The jury doubtless understood the instruction to mean that, if the committee were not authorized to settle with I. N. Rice & Co., its act in settling did not bind plaintiff, unless, as the court instructed the jury, that act was ratified subsequently by the plaintiff, with full knowledge of the facts. We think the refusal of the instruction was not erroneous.

III. But it is insisted that the instruction given, just referred to, as to the effect of ratification, should not have been given, for the reason that there was no evidence tending to show ratification with knowledge on the part of plaintiff. We think to the

2. CORPORA- TION: act of agents: rati- fication.

contrary. The plaintiff accepted the money paid on the settlement, or, rather, a check given therefor, which the officers of the company must have known was received through the settlement of the committee. There is more than one fact and circumstance tending to show such knowledge.

IV. Counsel for plaintiff complain of the admission of evidence offered by defendant. We cannot consider the obje⸱

3. ASSIGN-
MENT of er-
ror: too in-
definite. tion, for the reason that the assignments of error under which it is urged do not, in a way as specific as the case will allow, point out the very error objected to. Code, § 3207.

The only assignments of errors that could possibly be intended to point out as erroneous the rulings complained of are in the following language: "(6) The court erred in admitting improper and rejecting proper testimony, as shown by the record. (7) The court erred in admitting certain evidence of the defendant, Rice, against plaintiff's objection." It would be difficult to devise assignments of errors less specific, more inexplicit and uncertain, more clearly violating the provisions of the section of the Code above cited, and more in conflict with the rulings of this court, than these.

V. It is insisted that the verdict is in conflict with the evidence. The evidence may be regarded as conflicting, and possibly lacking somewhat in directness and clearness. That is all we can say about it. But we cannot, on these grounds, disturb the verdict.

The judgment of the court below must be

AFFIRMED