The State v. Birmingham.

## THE STATE v. BIRMINGHAM *et al.*

1. **Highway** : BY DEDICATION OR PRESCRIPTION : EVIDENCE OF USE BY PUBLIC. Where the question was as to the existence of a public highway, which, if it was a legal highway at all, became such either by dedication or prescription, and there was evidence tending. to show a dedication, *held* that evidence of use by the public was competent for the purpose of showing an acceptance of the dedication, though not competent, under section 2031 of the Code, to show title in the public by prescription.

2. ———: PROSECUTION FOR OBSTRUCTING : PAROL TESTIMONY AS TO TITLE TO LAND. In a prosecution for obstructing an alleged highway, which defendants claimed was not a legal highway, *held* that it was error to permit the state, in its attempt to prove that the highway existed by dedication or prescription, to introduce parol testimony as to the title to the land over which it ran, no foundation having been laid for such secondary evidence.

3. ———: BY DEDICATION : EVIDENCE : LAPSE OF TIME. Lapse of time is not necessary to the establishment of a highway by dedication. All that is necessary is a dedication by the owner and an acceptance by the public ; and the dedication may be by writing, by declaration, or by conduct. And if the owner of the land in question knows for a series of years that the public is using and treating the road as a highway, and expending funds in its improvement, and he acquiesces in what is thus being done, such facts may well be considered as evidence tending to prove actual dedication. (See cases cited in opinion.)

4. **Instructions** : READING INDICTMENT NOT COPIED IN CHARGE. In instructing the jury the court read the indictment as a part of the first paragraph of the charge. There was no statement of the issues in this paragraph, but a blank appeared therein after the following sentence : " The defendants are before you on the following indictment." After the blank appeared the following : " To which indictment the defendants have entered a plea of not guilty." *Held* error, as the instructions must be wholly in writing signed by the judge. (See Code, sec. 4440 ; *State v. Brainard,* 25 Iowa, 578 ; *Hall v. Carter, ante,* p. 364.)

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

FILED, MAY 11, 1888.

DEFENDANTS were indicted for the crime of nuisance alleged to have been committed by unlawfully obstructing a public highway. They were found guilty and adjudged to pay the costs of suit and to remove the alleged obstruction within thirty days. Defendants appeal.

*Crooks & Jordan*, for appellants.

No appearance for appellee.

ROBINSON, J.—The defendants are charged with having obstructed a highway by permitting to be placed thereon slack from a coal mine which they were operating. The alleged highway had been worked by road supervisors, and traveled by the public, for many years. It ran through unenclosed timber land. It was not shown to have been established under the provisions of law relating to highways, and if it was a legal highway at the time in question it must have become such by dedication of the owner of the land over which it passed, or by prescription. Appellants claim that it was not shown to be a legal highway at the time the alleged obstruction was placed in it.

I. Appellants complain of the ruling of the court in allowing to be introduced evidence that the road in question had been used by the public as a highway, and cite section 2031 of the Code, and *State v. Mitchell*, 58 Iowa, 567, and *Zigefoose v. Zigefoose*, 69 Iowa, 391, in support of their position. The section referred to is as follows: "In all suits hereafter brought, in which title to any easement in real estate shall be claimed by virtue of adverse possession of the same for the period of ten years, or by prescription, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be proved by evidence distinct from and independent of the use, and that the party against whom the claim is made had express notice thereof, and these

1. HIGHWAY: by dedication or prescription: evidence of use by public.

provisions shall apply to public as well as private claims." The effect of this section is to require proof that the use of the real estate by the party claiming the easement was adverse and under a claim of right, and it provides that the use itself is not competent evidence of such facts. Neither of the cases cited is in conflict with this view. On the contrary, that of *State v. Mitchell* sustains it. Use of the realty by the party claiming the easement may be shown for some purposes. Where a dedication of an easement is claimed to have been made by the land-owner, proof of use may be competent to show an acceptance by the party for whose benefit the dedication was made. *Com. v. Coupe*, 128 Mass. 65. Some of the evidence offered on the part of the state seemed designed to show a dedication. We therefore conclude that the objections of defendants were not well founded.

II. In order to prove title to the land over which the road in question ran, several witnesses for the state were permitted to state who had formerly owned such land, and to whom and when he sold it. None of these witnesses were shown to have had any interest in the title. Two of them said their knowledge was from hearsay, and the third said that his was from the records. This evidence was duly objected to by defendants, on the ground that it was incompetent, immaterial and not the best evidence. We think the objections should have been sustained. As a general rule the title to real estate cannot be proven by parol. *Davis v. Strohm*, 17 Iowa, 427. We do not think this case is an exception to that rule. The question of the legal character of the road in controversy was a vital one to defendants, and was not merely collateral or incidental. Unless the public had used the road under a claim of right for the requisite length of time, with the knowledge of the owner that such use was adverse, or unless the owner had dedicated the land over which it passed to the public, the defendants could not have been guilty of the crime alleged.

2. —— : prosecution for obstructing : parol testimony as to title to land.

No reason was shown for not producing competent evidence as to the ownership of the land, and, in the absence of proof to the contrary, we must presume that it existed.

III. The district court instructed the jury as follows:

"If you find that for a series of years the way in question has been traveled and used by the public as a 8. ——: by dedication: evidence: lapse of time. highway, and that it has been recognized by the proper authorities as a highway by the making of repairs and expenditure of the public road funds thereon, and that during such time the owner or owners of the land have resided in the immediate vicinity, having actual knowledge of the fact of such public use and such recognition by the public authorities, and have acquiesced therein without protest or objection, such acts and conduct on the part of the land-owners are competent evidence tending to show a dedication of the highway to the public use, and should be considered by you, with all the other facts and circumstances in evidence, in determining whether such dedication ever was or was not made. If you find that any such dedication was made by a former owner of the land, and accepted by the public, such dedication and acceptance would be binding on all subsequent purchasers."

Appellants' only contention is that this instruction was erroneous in that the time it mentioned is "a series of years" instead of a period of not less than ten years. Another portion of the charge instructed the jury that "to constitute a highway by prescription the road must have been occupied and used by the public, under a claim of right to the same as a highway, with the knowledge of the owner of the land, for a period of more than ten years." We do not think the instruction is open to the objection made. Lapse of time is not essential to the establishment of a highway by dedication. In that case it is only necessary to show the dedication by the owner and the acceptance by the public, and the dedication may be shown by writing, by declaration, or by

The State v. Birmingham.

conduct. *Com. v. Coupe*, 128 Mass. 65; Washb. Easem. 209, 217, 219; *Fisher v. Beard*, 32 Iowa, 352; *Morrison v. Marquardt*, 24 Iowa, 53; *Mosier v. Vincent*, 34 Iowa, 479. It is claimed that *Manderschid v. City of Dubuque*, 29 Iowa, 79, and *Onstott v. Murray*, 22 Iowa, 457, announce the doctrine that a lapse of ten years is required to raise a presumption of dedication from use by the public. It is true those cases hold that such a presumption will arise from continued and uninterrupted use by the public for that length of time, but they do not hold that an actual dedication may not be shown without regard to lapse of time by proving such facts, and; such conduct on the part of the land-owner, as would amount to a legal dedication, or would estop him from denying that it had been made. We are of the opinion that if the owner of the land in question knew for a series of years that the public were using and treating the road as a highway, and expending funds in its improvement, and that he acquiesced in what they were doing, such facts might well be considered evidence tending to prove actual dedication. Washb. Easem. 212–219.

IV. The court in instructing the jury read the indictment as a part of the first paragraph of its charge.

4. INSTRUCTIONS: reading indictment not copied in charge. There is no statement of the issues in this paragraph, but a blank appears therein after the following sentence: "The defendants are on trial before you upon the following indictment." After the blank appears the following: "To which indictment the defendants have entered a plea of not guilty." We held in *Hall v. Carter, ante*, p. 364, that a similar method of charging the jury was erroneous. What we said in that case as to the requirements of the charge is applicable to this. Code, sec. 4440; *State v. Brainard*, 25 Iowa, 578. Whether this error was cured by other portions of the charge we need not determine, since the judgment of the district court will have to be reversed on other grounds.

V. Appellants complain of the seventh paragraph of the charge. We are of the opinion that the language therein used is somewhat objectionable, but, under the

facts disclosed by the record, do not think any prejudice resulted from it.

Other questions discussed by counsel are of such a nature as not to require us to determine them at this time. For the errors in the admission of evidence which we have indicated, the case is

REVERSED.