Duncombe v. Powers.

## DUNCOMBE v. POWERS.

1. **Assignment of Errors :** TOO GENERAL. Two of the twenty-nine grounds of the motion for a new trial in this case were : (1) "The verdict is contrary to law," and (2) "The verdict is contrary to the evidence." The only reference to the grounds of the motion made in the assignment of errors was as follows : "The court erred in not granting plaintiff's motion to set aside the verdict, arrest the judgment, and grant a new trial, for the reasons stated therein," and the question whether the verdict was sustained by the evidence was not otherwise presented. *Held* that the assignment was too general to raise that question on appeal.

2. **Instructions :** MATTER NOT IN ISSUE. The court is not required to instruct the jury as to a fact conceded by both parties, but on which neither claims anything.

3. ———— : REVIEW : NO FOUNDATION FOR. An appellant cannot complain in this court of instructions given to which he did not except, nor of the neglect of the court to give a special instruction which he did not ask for.

4. **Highway :** DEDICATION AND PRESCRIPTION : EVIDENCE : INSTRUCTION. Where defendant claimed that the highway in question existed both by dedication and prescription, the court instructed that "knowledge in or notice to the owner of the use of the road as a public highway may be inferred from the use of the road by the public in such manner as that the owner, using his faculties as a reasonably prudent and observant person, having care for his property, would see or learn of such use." *Held* that this was not contrary to section 2031 of the Code, which provides that use of land shall not be evidence of adverse possession ; because (1) the court did not state that such notice of use would be notice of an adverse claim ; (2) other instructions given in the charge avoided any misunderstanding by the jury ; and (3) the action was based upon an alleged dedication, as well as upon prescription, and said section relates to titles by prescription only

5. —— : —— : INSTRUCTION : EVIDENCE. An instruction as to the effect of the notorious and continued use of one's land for a highway, with knowledge on his part thereof, as bearing upon the title of the public therein, was objected to as not being warranted by the evidence; but *held* that the objection was not well taken. (See opinion for instruction and evidence).

6. **Instructions:** ASKED BY APPELLANT : OBJECTIONS ON APPEAL. One cannot on appeal be heard to object to instructions given at his own request.

7. —— : FAILURE TO GIVE WHEN NOT ASKED. When the court fully and fairly presents the issues and directs the jury as to their duty, a party cannot on appeal be heard to complain that other instructions, not asked by him, were not given.

8. **Assignment of Errors:** RULINGS ON EVIDENCE : TOO GENERAL. The assignment of errors in the admission and exclusion of evidence in this case (for which see opinion) is *held* to be too general to present any question for review.

9. **Appeal:** ERRORS ASSIGNED BUT NOT ARGUED, AND VICE VERSA. Errors assigned but not argued, and those argued but not assigned, will not be considered by this court.

*Appeal from Webster Circuit Court.*—HON. D. D. MIRACLE, Judge.

FILED, SEPTEMBER 8, 1888.

PLAINTIFF is the owner of the south one-half of the northwest one-fourth of section 29, township 89, range 29, in Webster county, and seeks to recover of defendant for an alleged trespass upon it. The defendant, as supervisor of the road-district in which this land was situated, entered upon it, and removed the fences on the east and west boundary lines thereof at points where he claimed they obstructed a public highway. It is shown that the proper authorities of Webster county attempted to establish a highway on a line a short distance south of and nearly parallel to the one in dispute during the year 1863, but it was never traveled, and for the purposes of this case it may be conceded that it never had a legal existence. The evidence tends to show that the road in question had been used as a public highway for more than twenty years prior to the commencement of this action, and that during much of that time it was

Duncombe v. Powers.

the one chiefly traveled from Fort Dodge west. Until some three years prior to the time this case was tried, the land in question had been uninclosed prairie, and tracks led from the road in controversy in various directions. It is claimed by defendant that this road became a public highway by prescription and dedication, and whether it did or not was the real question in issue. The jury returned a verdict for defendant. Judgment was rendered thereon, and plaintiff appeals.

*J. F. Duncombe*, appellant, *pro se.*

*A. E. Clarke*, for appellee.

ROBINSON, J.—I. Appellant has devoted much of his argument to a consideration of the law applicable to the establishment of highways by dedication or prescription, and to the sufficiency of the evidence under the law to sustain the verdict. The law of the case, as given to the jury, was substantially as it is claimed to be by appellant. The sufficiency of the evidence we cannot determine, for the reason that that question is not properly before us. Two of the twenty-nine separate grounds of the motion for a new trial were that "(1) the verdict is contrary to the law," and that "(2) the verdict is contrary to the evidence." The only reference to the grounds of the motion made in the assignment of errors is in the following language: "The court erred in not granting plaintiff's motion to set aside the verdict, arrest the judgment and grant a new trial, for the reasons therein stated." This is too general to authorize us to determine whether the verdict is sustained by the evidence, and the question is not otherwise presented. *Hasner v. Patterson*, 70 Iowa, 681; *Leekins v. Nordyke & Marmon Co.*, 66 Iowa, 473.

*1. ASSIGNMENT of errors: too general.*

II. Appellant claims that the court erred in not charging the jury as to the abandonment of the highway which officers of Webster county had attempted to establish near the one in controversy. We cannot discover that there was

*2. INSTRUCTIONS: matter not in issue.*

Duncombe v. Powers.

any controversy in regard to that road. The defendant alleges in his answer that it was never worked nor traveled. The appellant states in his reply that it has been abandoned and fenced up for over fifteen years. No one based any claim upon that road. It was not material to any issue in the case, and there was no occasion for the court to speak of it specially in its charge. The charge given instructed the jury as to what facts were necessary to the establishment of a highway by dedication or prescription, and no prejudice could have resulted to plaintiff from the omission of a more particular reference to the abandoned highway.

III. Appellant insists that the court erred in charging the jury that the burden of proof was on plaintiff to establish his cause of action, and in failing to charge the jury that the burden of proof was upon defendant to establish the existence of the road in question by prescription. It is sufficient to say in regard to the part of the charge in question that no exception was taken to it. As to the alleged failure of the court to charge in regard to the burden of proof upon plaintiff, we would say that while the charge given did not in terms state that it was the duty of defendant to prove the establishment of the road in question, yet it did by necessary implication, and no benefit could have resulted to plaintiff by the use of more specific language. But plaintiff cannot complain of the omission, for the reason that he asked no instruction in regard to the burden of proof. *Smith v. Chicago, M. & St. P. Ry. Co.*, 60 Iowa, 514; *State v. Helvin*, 65 Iowa, 291.

*Margin note: 3. ——: review: no foundation for.*

IV. The tenth paragraph of the charge of the court was as follows: "Knowledge in or notice to the owner of the use of the road as a public highway may be inferred from the use of the road by the public in such a manner as that the owner, using his faculties as a reasonably prudent and observant person having care for his property, would see or learn of such use." Appellant insists that this paragraph is in conflict with the law, and cites

*Margin note: 4. HIGHWAY: dedication and prescription: evidence: instruction.*

Code, sec. 2031, and *State v. Kansas City, St. J. & C. B. Ry. Co.*, 45 Iowa, 139, in support of his views. It will be noticed that the effect of such knowledge is not stated in the charge. It is not said that knowledge of the use is notice that such use is under an adverse claim of right. The charge and instructions given must be considered together. In an instruction, given at the request of plaintiff, the jury were told in substance and effect that where the land affected by the alleged highway was wild and uninclosed, the notorious use of the highway would not charge the owner with notice, but that in such case his knowledge of the use, and his consent thereto, must be proven by other evidence. In *Onstott v. Murray*, 22 Iowa, 466, it was held that long-continued use of land might be evidence of a dedication. Section 2031 of the Code relates to titles claimed by prescription. In this case title was claimed both by dedication and prescription ; and proof of use, in connection with other facts, is competent to prove title by dedication. *State v. Birmingham*, 74 Iowa, 407 ; *State v. Kansas City, St. J. & C. B. Ry. Co.*, 45 Iowa, 142. We conclude that the portion of the charge in question, considered with all the instructions given, was not erroneous.

V. Appellant complains of an instruction, given at the request of defendant, in the following words : "If plaintiff had knowledge that the line of road in controversy was used and notoriously traveled by the public as a highway over and across his land, the fact that he supposed the travel to be continued under the claim that it was a highway by establishment under statute, instead of by prescription, will not prevent the statute from running in favor of the road. If he knew of its use as a highway, he is bound at his peril to inform himself as to the nature of the right by virtue of which the right to travel over the land is claimed." The objection made is that there was no evidence that plaintiff "supposed the travel to be continued under the claim that it was a highway by establishment under the statute, instead of by prescription." But plaintiff testified that he never knew there

was any claim by prescription ; that he "supposed that the claim was by virtue of a line of road said to be run across the south line, from east to west," upon the land in question ; and that he "always supposed that the claim made to this land was to what they claimed to be a laid-out road in the neighborhood of thirty rods south of the fence that has been testified to." In our opinion appellant is in error as to the evidence. The instruction is not vulnerable to the objection made.

VI. Appellant insists that the court erred in refusing to give certain instructions which he asked. His abstract of the record shows that all these instructions were in fact given. He also complains of the giving of an instruction on the ground that it was not applicable. But since the record shows that it was given at his request, he cannot now be heard to complain.

6. INSTRUCTIONS: asked by appellant: objections on appeal.

VII. Appellant claims that the court erred in neglecting to charge the jury as to certain evidence given, and its effect. Several of the errors assigned are of this character. We have not thought it necessary to consider them separately, for the reason that one rule applies to all. The court charged the jury quite fully in regard to its duties. All the issues were fairly submitted. If the plaintiff desired further instructions, he should have asked them. He asked but four instructions which were refused, and he has not discussed any of these in his argument.

7. ——: failure to give when not asked.

VIII. Appellant discusses at some length rulings of the court in submitting and excluding evidence. The assignment of errors in regard to such rulings is as follows : "( 21 ) The court erred in several rulings made upon the evidence in this case, where evidence was offered by the plaintiff, as shown by the recorded evidence herein, and the rulings thereon, and the several exceptions thereto, to each of which rulings the plaintiff then and there excepted. ( 22 ) The court erred in admitting evidence on the part of the defendant, as shown by each of the various rulings of the court, against the several exceptions of plaintiff,

8. ASSIGNMENT of errors: rulings on evidence: too general.

as will fully appear by reference to the said evidence, exceptions, and rulings thereon, which evidence here referred to is hereto attached, as filed in this case by the reporter of this court, with the rulings and exceptions aforesaid." It is objected by appellee that these assignments are too general to present any questions for review. We think this objection is well taken. *Garrett v. Wells*, 63 Iowa, 257; *Wood v. Whitton*, 66 Iowa, 297; *Merchants' Union Barb Wire Co. v. Rice*, 70 Iowa, 15.

IX. Appellant has failed to notice in his argument quite a number of errors assigned, and must therefore be deemed to have abandoned them. Several of the questions discussed are not presented by the assignment of errors, and for that reason cannot be considered. Other questions discussed are practically decided by what we have already stated. It is only necessary to say, further, that we have carefully examined the record, but have found no prejudicial error of which appellant can be heard to complain. The judgment of the district court is therefore

9. APPEAL: errors assigned but not argued, and vice versa.

AFFIRMED.