JOHN GOODFELLOW, Appellant, v. NOEL RIGGS *et al.*, Appellees.

1. **Highways**: DEDICATION BY CONDUCT: INTENT: EVIDENCE. Where the only evidence of the dedication of a highway is the conduct of the owner of the land, it is his right, in denial of the claimed dedication, to state what his intention was in doing as he did; for there can be no dedication by conduct where there is no such intention, and the intention is a material fact to which he may testify. Accordingly, where the owner, in planting a grove, had left a space along the line of the alleged highway, it was his right to state his purpose in doing so.

2. ———: ———: ———: ———. Where, in an action involving the question of the dedication of a highway by the conduct of the owner, it was sought to bind the owner by evidence that he had heard rumors that there was a road along his land, and of his acts after hearing of such rumors, *held*, that it was error not to permit the owner to testify that, when he heard such rumors, he employed counsel to ascertain whether there was a road located along his line, and that he was informed by counsel that there was none. Such evidence was material as bearing upon the question of his intention.

*Appeal from Tama District Court.*—HON. G. M. GILCHRIST, Judge.

THURSDAY, MAY 25, 1893.

ACTION for trespass. There was a judgment for the defendants, and the plaintiff appealed.—*Reversed.*

*Struble & Stiger*, for appellant.

*Mullan & Pickett*, for appellees.

GRANGER, J.—I. The plaintiff is the owner of the northeast quarter of section 1, township 86, in Tama county. The defendants are road super-

1. HIGHWAYS: dedication by conduct: intent: evidence.

visors. The plaintiff's land along the north line is unfenced. In the spring of 1888, he sowed and planted his land with grain along the north line. When the crops were growing the defendants plowed and destroyed the same for the width of thirty-three feet from the line, under a claim that there was a public highway along the north line of plaintiff's land of sixty-six feet in width. The action being for damage for the destruction of the crop, the defendants justify their acts by the facts that they were necessary in the proper improvement and preservation of the highway.

The existence of the highway is denied by the plaintiff. If there is a highway on the line in question it has been established by prescription or dedication. The case was tried to a jury, that found for the defendants, and hence in favor of the existence of the highway. The question of dedication is a very important one in the case. The establishment of a highway by dedication may be shown "by writing, by declaration, or by conduct." *State v. Birmingham*, 74 Iowa, 407. In this case the only evidence of dedication is the conduct of the plaintiff. The court properly instructed that the burden of establishing a road by dedication was on the defendants. The plaintiff was a witness on his own behalf, and on cross-examination he stated that in setting out a grove of trees about his house, situated in the northeast corner of the quarter section, he did not set the trees close to the line on the north side, but left a space of about nineteen feet. This was a part of the conduct of the plaintiff on which reliance was placed to show a dedication. On a redirect examination, plaintiff was asked this question: "Now, for what purpose did you put that grove there, and leave a space at the north side of the grove?" An

objection to the question was sustained. The witness should have been permitted to answer the question. A dedication involved an intention on the part of the plaintiff to grant or give the land for a highway. Without the intention there was no dedication. The evidence as to leaving the space when setting the trees was to show such an intent. As we understand, the purpose of the question was to enable the plaintiff to testify that the space was not left for a public highway, but as a way to reach his barn and sheds in the rear of his house. But, however that may be, the public was, in effect, claiming his land by an implied dedication for a highway because of his conduct, and it was his right to give full and explicit explanation of his purposes in doing the acts relied upon to show the dedication. When the liability of a party depends upon the intent with which an act is done, and not upon the act itself, independent of the intention, he may testify as to what his intent in fact was in doing the act. Intent is an element of fraud in fact, and, where it is sought to establish a liability for fraud, the party may testify as to his intent in doing the act alleged to be fraudulent. *Selz v. Belden*, 48 Iowa, 451. Any other rule would be arbitrary and unreasonable. The contention by appellees is that the intention was an ultimate conclusion to be found by the jury. Not more so than in a case of fraud. Intention bears the same relation to a dedicatory act, of the kind under consideration, as it does to the act of faud. It is an indispensable factor, in either case, and, where liability is sought because of it, the rule of evidence is not different. Of the cases cited by appellees none are in point.

II. On cross-examination it also appeared that certain rumors as to a road being along the north line of his land came to his notice. The defendants relied, in part, at least, upon such information to the plaintiff, to show his knowledge of a road being claimed there, and to bind him

because of such knowledge and his acts in pursuance of it. Counsel for the plaintiff then offered to prove, by the plaintiff, that when he heard the rumors he employed counsel to investigate as to the fact of there being a road located on the line, and that he was informed by counsel that there was none. Such evidence was refused. This testimony was also admissible. What he said and did when and after he was informed that the public claimed a highway was highly important as showing his intentions as to granting a road, and it was as much his right to show his conduct with regard to the highway, at times when it might not be presumed to have been for the purposes of the suit, as it was that of the defendants. The claim that such testimony is hearsay, and statements of a party in his own behalf, is without force in such a case. The defendants seek to establish against him a dedication because of his acts. All of his acts relative to the subject of the inquiry, and the motives and inducements thereto, are competent and material at the instance of either party. Let us suppose that when he first knew of a claim that a road existed he at once posted notice along the line of the road denying the right of the public to its use; would it be doubted that, in such a case, he could show his act as against a claim of dedication? Now, suppose that when he heard the rumors of the road being there, he at once made investigation as to the facts of one being established, and, upon information that there was none, he took no steps to interfere with the travel along the line, without intending to grant any right to the public. It seems to us there is no doubt of the competency of evidence to show such facts, and that offered is to the same effect.

Because of errors in the admission of evidence the case must be reversed. We discover no other question that it is important for us to consider. REVERSED.

KINNE, J., took no part in this case.