STATE OF IOWA v. M. TENNEBOM, Appellant.

Arson: Sufficiency of Evidence. A fire in defendant's building was incendiary. Six of his relatives and friends testify to an *alibi*. One woman testified she saw him in a criminating position. The place where she saw him was in shadow, though the moon was shining. Witnesses said that this witness had admitted that she did not know the man to have been defendant. Conviction upheld.

SAME: PRACTICE. Witnesses who have knowledge of the value of certain lines of merchandise in a given city may testify as to the value of a stock within those lines without having made a thorough examination of it.

PROVING TITLE. It is intimated that one who has examined records on the question may testify as to title of realty. But the question is not determined because other testimony showing the title was admitted without sufficient objection.

SAME. Code, 3885, makes it a crime to set certain fires, without reference to night or day. An indictment under it need not aver whether the fire was set during one or the other, and admits testimony that it was done during either.

Indictment: Construction. In an indictment charging the setting fire to rags in a cellar under a building set on a certain lot, "owned by G," the word "owned" refers to the building and not the rags. The following instruction is disapproved but held not to have been prejudicial: "The inferences from such series of facts above referred to must be fair and natural inferences, not forced or artificial ones. Such inferences of fact are probable ones, and should be necessary ones. The existence of one of such inferences should be proof of the existence of the other."

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

THURSDAY, DECEMBER 13, 1894.

THE defendant was convicted of the crime of setting fire to certain material, with intent to cause a building to be burned, and adjudged to be imprisoned at hard labor for the period of four years. From that judgment he appeals.—*Affirmed.*

*Bailey & Murphy, C. S. Ranck,* and *Geo. A. Ewing* for appellant.

*John Y. Stone,* attorney general, *Geo. W. Ball,* county attorney, and *Bradley & Byington* for the state.

ROBINSON, J.—The fire in question was discovered in the morning of March 29, 1893, in the cellar of the south half of a two-story brick building in Iowa City, owned by Margaret Grady. At that time the cellar and first story of that part of the building were occupied by defendant with a stock of merchandise, and used as a grocery store, and the second story was occupied as a place of residence by a family named Bell. The first story of the north half of the building was occupied as a restaurant, and one of the rooms in the second story was occupied as a sleeping apartment.

I. The indictment charges that the defendant "set fire to a great amount of rags, hay, straw, empty barrels, empty boxes, and barrels of kerosene oil then and there being in the cellar under the south half of a two-story brick building, situated on the north half of the south seventy-two feet of lot 4, in block 64, in Iowa City, Iowa, owned by Margaret Grady." The appellant contends that this does not aver that Margaret Grady was the owner of the building described, but of the rags, hay, and other material specified, which were in the cellar occupied by him; that the indictment does not show who owned the building; and, therefore, that evidence to show the ownership was improperly admitted. We do not think the claim can be maintained. The antecedent to which the word "owned" contained in the portion of the indictment we have set out refers, is the north half of the part of lot 4 described, and the building thereon. That is the fair interpretation of the indictment authorized by grammatical rules.

II.   Appellant contends that the court erred in permitting the state to show by parol that the title to the part of the lot on which the building in question stood was in Margaret Grady. As a general rule, such evidence is not competent to prove the title to real estate. *State v. Birmingham*, 74 Iowa, 409, 38 N. W. Rep. 121; *Davis v. Strohm*, 17 Iowa, 427. To that rule there are some exceptions, and it was intimated in the case last cited that the testimony of a witness who had ascertained the title by a personal examination of the records of the county, and could state the chain of title, so that the deeds themselves or copies could be produced, and that there was no other title of record, might be competent. In this case a witness was permitted to testify that his occupation was that of an abstracter of land titles; that he had examined the public records of Johnson county, to ascertain in whom the title in question was vested, and had learned that it was in Margaret Grady. Whether this testimony was competent we need not determine, for the reason that the husband of Margaret Grady was permitted to testify that she owned the building in question, and a deed to her for the portion of the lot on which it stood was introduced in evidence, and the only objections offered to the testimony of the husband and to the deed was that the indictment did not allege title in Mrs. Grady. That, as we have seen, was not well founded, and we are satisfied from the record that it was the only objection seriously urged to the testimony of the abstracter. But, if it be conceded that his testimony was erroneously admitted, the error could not have been prejudicial, for the reason that, in the absence of valid objections, the title was sufficiently proved by the husband and the deed.

III.   It is next objected that the indictment does not charge whether the attempted burning was in the nighttime or daytime, and that it should, for that

reason, be held to charge that the attempt was made in the daytime, and that evidence to show that it was made in the nighttime was erroneously admitted, over the objections of the defendant. Section 3880 of the Code refers to the burning of inhabited buildings in the nighttime. The next section refers to the burning of such buildings in the daytime. Section 3882 refers to the burning of uninhabited buildings in the nighttime, and the next section refers to the burning of such buildings in the daytime. These sections also refer to boats and vessels. Section 3884 refers to the burning, either in the nighttime or daytime, of warehouses, stores, and other buildings not mentioned in the four preceding sections. The next section refers to the five which we have specified, and is as follows: "Sec. 3885. If any person set fire to any building, boat, or vessel mentioned in the preceding sections of this chapter, or to any material with intent to cause any such building, boat, or vessel to be burned he shall be punished by imprisonment in the penitentiary not exceeding five years, or by fine not exceeding one thousand dollars and imprisonment in the county jail not more than one year." In each of the first four sections cited, the time of the burning is made an important element of the offense; a burning in the nighttime being regarded as more serious, and made punishable by a longer term of imprisonment, than one which occurred in the daytime. But the time of the day is not an element of the offense for which section 3885 provides a punishment. The offense for which the defendant was convicted was the setting fire to material with intent to cause the building described to be burnt, and the indictment was drawn under section 3885, and was sufficient without any averment as to the time when the fire was set to the materials described. Evidence to show that the fire was set as alleged was admissible without regard to the hour of the day to which it referred.

IV.   It was shown that, at the time of the fire, the defendant had insurance on his stock of merchandise contained in the building in question to the amount of two thousand dollars, and that one-half of that had been in force but a short time.   The state introduced witnesses who testified, in effect, that, at the time of the fire, the value of the stock of merchandise in the building did not exceed one thousand dollars.   The appellant complains of the testimony of these witnesses, on the ground that it was not shown that they were competent to testify to the value of his stock.   It is true that none of these witnesses had made a careful examination of the stock for the purpose of making an accurate estimate of its value, but all of them had knowledge of the value of such merchandise in Iowa City at the time of the fire, and were competent to make an estimate of the value of that owned by the appellant.   That they had not made an inventory, nor even a thorough examination of it, was a fact to be considered by the jury in weighing their testimony, but it did not authorize its rejection by the court.

V.   The appellant contends with much earnestness that the verdict of the jury is not supported by the evidence, and whether the claim thus made is well founded is the most serious question in the case.   The fire was first seen about 2 o'clock in the morning, in rags, hay, barrels, and other materials in the cellar occupied by the defendant.   Boxes and barrels had been moved from the north to the south side of the cellar since 6 o'clock in the afternoon of the preceding day, and arranged so that they would burn readily.   Several kerosene barrels had been placed there, and in them were holes, which had been bored that night.   A barrel nearly full of kerosene oil had been left in the storeroom the night before.   When the fire was discovered, that barrel was nearly empty, and

the floor of the room was saturated with oil, some of which appeared to have been spread with a broom. These and other facts show clearly that the fire was of incendiary origin, and we do not understand that this is disputed. But the defendant testifies that he locked and left his part of the building at about 9 o'clock in the evening, and went at once to his home, where he remained continuously until after the fire had been discovered; that his wife was confined to her bed; and that he and others spent the evening with her; and that they did not retire until a few moments before the fire was discovered. He is corroborated in this by his wife, his mother and sister, his wife's mother, sister, and brother, and a friend of the family, all of whom claim to have been at his home and in the room with him until he retired, and two of whom claim to have retired with him. The only direct testimony that he was at his place of business at the time of the fire was given by Mrs. Bell. She states that she was sick the night of the fire, and occupied the east room of the second floor of the building, alone; that she did not rest well; that after midnight she heard a noise, and raised up and listened; that she heard a key inserted in the back door of the storeroom below, heard the door opened, and the key pulled out; heard the door closed and locked, and heard a man walking on the floor; afterward she did not hear him for a time, and, then "heard boxes or barrels or something making quite a racket * * * quite a while;" that she then again heard walking on the floor, and finally heard the key turned in the door and the door opened; that she then went to the window immediately above the door, raised it, and looked out; that a man was standing on the platform, who had locked the door; that, when she raised the window and looked out, he looked up; that she looked in his face, and saw that it was the defendant; and that he then ran away. It was shown that at this time there was

bright moonlight, but that a man on the platform must have been in the shadow of the building. Several witnesses testify that they heard Mrs. Bell state a short time after the fire that she did not know who the man she saw was. The conflict in the evidence thus established was serious, but it was for the jury to determine who had told the truth, and we can not say that their decision is not sufficiently supported by the evidence.

VI. The appellant insists that numerous errors were committed by the court in admitting and rejecting evidence, in its charge to the jury, and in other matters. We have examined all questions presented by the record with care, but do not find any reason for disturbing the judgment of the district court. The ninth paragraph of the charge can not be commended, but it could not have been prejudicial to the defendant. Affirmed.