### Mark Buford v. B. G. Devoe, Appellant.

APPEAL: PRESUMPTIONS FOR COURT BELOW: ASSIGNMENTS OF ERROR.

*Appeal from Louisa District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, DECEMBER 14, 1895.

Action for fraud in the sale of a patent of or an improvement to a hydrocarbon burner, for the state of Missouri, the sale being for one-half interest therein. Judgment for plaintiff, and the defendant appealed.— *Affirmed.*

*L. A. Reiley* and *H. O. Weaver* for appellant.

*C. A. Carpenter* for appellee.

Granger, J.—The action is at law, and was tried below to the court without a jury. The petition shows: That the defendant had sold to the plaintiff the patent for one-half the state of Missouri for five thousand dollars in cash. That in making the sale the defendant represented the patent to be worth ten thousand dollars; that the burners were great fuel savers, and in successful use in all the Eastern states, and particularly at Columbus, Ohio, and Muscatine, Iowa; that the burners would consume but one gallon of low-grade oil in eight hours; that he had made sales of territory to different ones for specified amounts, including the state of Iowa, to one Huddler, of Muscatine, Iowa, for six thousand dollars. That said representation was false. That the patent is worthless. And damage is asked. The answer is a denial, and a showing that the defendant sold the state of Missouri to one Quinn, and that at the instance of Quinn he made the conveyance of the right to manufacture and sell in Missouri to Quinn and the plaintiff.

I. The finding of the district court was in general terms for the plaintiff, in the sum of two thousand two hundred and seventy dollars. The legal effect of this general finding is the finding of specific facts essential to its support, wherein such specific findings have support in the evidence; that is every specific fact necessary to support the general finding, if there is evidence for its support, will be presumed. The contention of the case is that the judgment is not warranted by the evidence. While it is true that, as to some of the facts, they are not established, we think that no one can read the evidence without being convinced that the defendant, with the aid of Quinn perpetrated a gross fraud on the plaintiff by misrepresentations as to the character

of the burner, the manufacture of it, and the use of it. There is no doubt of this. It is a clear case of fraud, and the judgment has full support in the evidence. It is of no use to set out some parts of it, and all cannot well be presented.

II. There is an assignment that "the court erred in admitting testimony objected to by the defendant, and in excluding testimony offered by the defendant, on the trial." The assignment is too indefinite. See *Wire Co. v Rice*, 70 Iowa, 14 (29 N. W. Rep. 784), and *Armstrong v. Killen*, 70 Iowa, 51 (30 N. W. Rep. 14). The judgment is *affirmed*.