## THOMAS GRAY, Appellant, v. MARK HAAS.

**Prescription:** HIGHWAY. A highway cannot be established by prescription, under Iowa Code, section 2031, unless the fact of adverse possession by the users is shown by evidence independent of the use, and the owner of the land had express notice that such use was adverse.

RULE APPLIED. Evidence of travel by the public over land, which commenced while it was uncultivated, the line of travel changing at times, and gates having been maintained across the road, is insufficient to show title to the road as a public highway by prescription.

**Dedication:** HIGHWAYS. A considerable travel over a strip of land by the public, with the knowledge of the owner, does not constitute a dedication thereof for a highway, where gates are kept thereon, which the travelers had to open at times, and where immediately beyond such owner's land, the alleged highway is obstructed by a ditch, over which no bridge is constructed.

SAME. That a land owner, over whose land a road on the county line has been used by the public, signed a petition consenting to the location of a highway on the county line, the signature being

3   obtained by the county supervisors, who were endeavoring to
    secure the consent of all the persons along the county line to the
    location of a county road thereon, does not constitute a dedica-
    tion, where the project of the location of the road was never con-
    summated.

Appeal: HARMLESS ERROR.   Error, if any, in excluding evidence as
    to the difference in value of plaintiff's land before and after the
4   obstruction by defendant of an alleged highway over the latter's
    land, is not prejudicial to plaintiff where it is found that there
    was no highway as claimed.

*Appeal from Crawford District Court.*—HON. C. D. GOLDSMITH, Judge.

SATURDAY, MAY 23, 1896.

THIS is an action to recover damages to the rental value and to the market value of the east one-half of the southwest one-fourth of section 34, in township 82, range 37, in Crawford county, Iowa, by reason of the action of the defendant in obstructing what plaint- iff claims to be a public highway on the south side of said section, and on the line of said land, and which forms the dividing line between Crawford and Shelby counties. There is no claim that the highway was reg- ularly laid out under the statute, but it is claimed that the highway exists by prescription and by dedication. The defendant denies the existence of the highway, but admits closing the alleged highway, and also pleads certain facts as an estoppel of plaintiff to claim a highway at the place stated. A trial was had to a jury, and at the conclusion of the evidence the court sustained a motion to direct a verdict for the defend- ant. Plaintiff appeals.—*Affirmed.*

*B. I. Salinger* for appellant.

*Shaw & Kuehule* for appellee.

KINNE, J.—I. Was there a highway, as claimed, by prescription? Our statute provides: "In all suits hereafter brought, in which title to any easement in real estate shall be claimed by virtue of adverse possession of the same for the period of ten years or by prescription, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be proved by evidence distinct from and independent of the use, and that the party against whom the claim is made had express notice thereof; and these provisions shall apply to public as well as private claims." Code, section 2031. To establish a highway by prescription, under this statute, the fact of adverse possession must be established by evidence distinct from and independent of the use, and by evidence that the party against whom the claim of adverse user and possession is made had express notice of such user and claim of possession. It follows that it is not enough, to establish a highway by prescription, to show mere use of land as a highway, even though the owner had actual knowledge of such use. He must have "express notice that a claim was made, based thereon, independent of or additional to the mere use." *State v. Mitchell*, 58 Iowa, 568 (12 N. W. Rep. 598); *Zigefoose v. Zigefoose*, 69 Iowa, 392 (28 N. W. Rep. 654). The adverse "possession must be actual, continued, visible, notorious, distinct, and hostile, and commenced under a claim or color of title." *Booth v. Small*, 25 Iowa, 177. Without entering into an elaborate discussion of the evidence, it may be said that it shows that travel commenced along the section line, where it is now claimed the road exists, while the land was uncultivated. It appears that such travel went wherever the fancy of the traveler dictated. At that time it cannot be said that there was a claim or color

of title to the land used, adverse to the owner, other than the mere use. It does not appear that the public traveled on the line of the section for ten years consecutively. During a portion of the time the travel turned off from this line into plaintiff's field, near his house, went north, then east across a bridge, then over the line, then on to Whitcher's land, and through his gate into the public highway. Sometimes fences were taken down. If it should be conceded that the evidence established the use of the claimed highway for the requisite period, it did not establish the fact that the possession of the users was adverse, by evidence "distinct from and independent of the use," as the statute requires. Nor do we think the evidence showed that the defendant had express notice that the public were claiming to hold and occupy this land adversely to him. We hold, then, there was no sufficient evidence to show the establishment of a highway by prescription.

II. Was there a highway by dedication? It is said, in *State v. Birmingham*, 74 Iowa, 411 (38 N. W. Rep. 121): "We are of the opinion that, if the owner of the land in question knew, for a series of years, that the public were using and treating the road as a highway, and expending funds on its improvement, and that he acquiesced in what they were doing, such facts might well be considered evidence tending to prove actual dedication." No fixed time is required to make a dedication. Section 2031 of the Code relates to titles claimed by prescription, not to dedication. *Duncombe v. Powers*, 75 Iowa, 189 (39 N. W. Rep. 261). The evidence establishes the fact that this claimed highway was traveled by the public considerably, and that defendant in fact had personal knowledge touching such use by the public. It also shows that, a portion of the time, the claimed highway was impassable by reason of a bridge having

gone out, and this occurred some three years prior to the time defendant stopped the travel; that defendant, in conversation with Whitcher, thought it "would not be a road"; that sometimes travelers through there had to open the gates. Where this claimed highway intersects the public highway at the west, there was a ditch, so that teams could not turn and go east on the county line, and plaintiff put poles in there, so he could cross. From these and many other facts, we think it cannot be said that there was any intention on the part of defendant to dedicate this land to highway purposes. It may reasonably be presumed, if this tract of ground was a public highway, that these gates would have been removed, that a bridge would have been constructed by the public authorities, and the road made passable for public travel for the mile between the two sections. As it was, while the portion of the road between plaintiff and defendant could be used, the balance of the road for some distance beyond was obstructed by gates or ditches, which required travelers to go onto the lands of adjacent owners, away from the claimed highway; and such had, as we understand the testimony, been its condition for years prior to the time defendant closed it up. We hold that there was no intention to dedicate, and no act of dedication on the part of the defendant. *State v. Green*, 41 Iowa, 693.

III. It is contended, that the defendant signed a petition consenting to a highway over the disputed ground, and it is said, this would amount to evidence of a dedication. It appears, that defendant did sign such a paper. If this was done as an independent act on his part, there is no doubt the case should have gone to the jury, to determine, from all the evidence, the intent of the defendant as to dedication. The evidence, however, was uncontradicted

that this paper was obtained from the defendant by the board of supervisors of Crawford county, who, in connection with the board in Shelby county, were endeavoring to get all the parties along the county line to sign such consent petitions, with a view on the part of said boards of establishing a road along said line and putting in bridges. For some reason, which does not appear in this record, nothing was ever done towards the consummation of the project, other than obtaining and filing some of these consent petitions. There is not the slightest ground for claiming that, independent of the action of other landowners along said county line, the defendant ever expected to give the land for road purposes. He might well be willing so to do, if assured of a road clear along the county line; and, so far as appears, such was the theory on which such paper was signed. Therefore, it not having been acted upon, and the contemplated measure not having been carried out, his signing that paper cannot be treated as any evidence of an intention on his part to dedicate the land to the public for highway purposes.

IV. The plaintiff claims the court erred in ruling out evidence as to the difference in value of the land before and since the obstruction of the claimed highway. Plaintiff claims that he had a right to show this; also, the difference in rental value. As we find that a verdict was properly directed for the defendant because there was no highway as claimed, there could have been no prejudice in rejecting the offered evidence, even if it called for a proper measure of damages,—a question we do not decide.

V. Other errors are claimed in the rulings of the court rejecting evidence offered by the plaintiff. We have examined each of them, and, while we think some of the proposed evidence might properly have

been received, we do not think that the errors in this respect were prejudicial. The judgment below is AFFIRMED.