D. W. PAINE V. THE INCORPORATED TOWN OF LETTS-
VILLE, IOWA, Appellant.

**Highways:** DAMAGES: *Municipal corporations.* A municipal cor-
poration is liable for the damages to a building constructed with
reference to the natural surface of the lot and street, from a
change of grade of the street, in the absence of an ordinance
fixing any grade.

**Appeal:** OBJECTION BELOW. The objection that the court did not
give the jury any rule for estimating damages cannot be raised on
appeal, where no instruction in regard to that matter was asked
in the trial court and no complaint of the omission was made in
the motion for a new trial.

*Appeal from Louisa District Court.*—HON. BEN McCOY,
Judge.

MONDAY, OCTOBER 25, 1897.

ACTION at law to recover for damages alleged to
have been caused to a town lot by an unauthorized
change of the grade of a street. There was a trial by
jury, and a verdict and judgment for the plaintiff. The
defendant appeals.—*Affirmed.*

*Gray & Tucker* for appellant.

*C. A. Carpenter* for appellee.

ROBINSON, J.—The defendant is an incorporated
town of this state, and the plaintiff is the owner of a lot
and store building which front on one of its streets.
There is no ordinance fixing any grade in the
town. In the latter part of the year 1894, the
defendant caused changes to be made in the
street in front of the property of the plaintiff. He claims
that the building on his lot, including brick foundation

walls, was constructed with reference to the natural
surface of the lot and street; that the defendant unlaw-
fully excavated the street in front of his premises to a
depth of three feet below the natural grade, to his
injury in the sum of seven hundred dollars, and for that
sum he asks judgment. The answer of the defendant
contains a general denial, and alleges that the work per-
formed, and the changes, if any, made, in the street,
were under the instructions and directions of the plain-
tiff, and for that reason he is estopped to claim dam-
ages in consequence of what was done. The verdict and
judgment were for the sum of two hundred dollars.

I. The appellant insists that the evidence does
not sustain the verdict, but shows that the earth
removed was not a part of the original soil, and had
been deposited in front of the plaintiff's premises from
excavations made in the vicinity, and perhaps from
other sources, and that the natural grade has not been
lowered. It is not necessary to set out the evidence in
regard to a change of grade, but it is sufficient to say
that witnesses for the plaintiff testified positively that
the street had been excavated in front of the plaintiff's
building to a considerable depth below the original
grade, while witnesses for the defendant testified as
positively that the excavation had not extended
below the natural surface of the ground. In fact, the
greater number of witnesses who testified in regard to
the original grade and the alleged change sustain the
defendant's claim. But there was a fair conflict in the
evidence with respect to that issue, which was properly
submitted to the jury, and we cannot say that its finding
is not supported by the evidence. Moreover, the suffi-
ciency of the evidence to sustain the verdict is not
questioned by the assignments of error.

II. It is said that, before the work complained
of was done, the plaintiff agreed that the changes pro-
posed might be made. It is doubtful if the evidence

would have sustained a finding that an estoppel had been established. The plaintiff denied some of the statements charged to have been made by him, and we think the finding of the jury as to the alleged estoppel should be regarded as final. It is proper to state that this question also is not presented by the assignments of error.

III.   The last objection urged against the legality of the proceedings of the district court is that it did not give to the jury any rule for estimating damages. It is true that the jury was not instructed in regard to the measure of the plaintiff's recovery, but the case was tried on the theory that, if he was entitled to recover anything, it would be the difference between the value of his property immediately before and immediately after the alleged change of grade. The defendant did not ask an instruction in regard to that matter, did not except to any portion of the charge given, and did not make the omission to charge in regard to the measure of damages a ground of the motion for a new trial. Therefore it appears that the objection now urged is made for the first time in this court. We think it is made too late. *Kidd v. Pill & Medicine Co.*, 91 Iowa, 268; *Duncombe v. Powers*, 75 Iowa, 188; *State v. Helvin*, 65 Iowa, 291; *Smith v. Railway Co.*, 60 Iowa, 514.

IV.   The liability of the defendant in case the averments of the petition are sustained by the evidence is not questioned. See *Trustees of the Diocese of Iowa v. City of Anamosa*, 76 Iowa, 539. What we have said disposes of all questions presented in the arguments. As there was no error in the proceedings of the district court of which the defendant can justly complain, the judgment is AFFIRMED.