S. D. PHILBRICK, et al., Appellants, v. THE TOWN OF UNIVERSITY PLACE, et al.

**Dedication:** EVIDENCE. Though the board of supervisors has no jurisdiction to locate a street in an incorporated town, yet, in an action against the town for injury to land included in a highway thus located, it may be shown, on the question of dedication, that plaintiff acquiesced in its being so used, that the highway was laid out at his instance and with his approval, and a record of the board showing that he filed a petition with it, asking for the location of a public highway on said land, is admissible on whether plaintiff intended to dedicate such land to the public use.

**ABSENCE OF RULING.** Where there is no ruling on objections to evidence, errors relating thereto cannot be considered on appeal.

**INSTRUCTIONS:** *Presumptions.* An instruction will be presumed proper where all the evidence is not preserved in the bill of exceptions, if the evidence might have been such as to warrant such an instruction.

*Refusal of.* Where instructions asked for are included in others already given, it is not error to refuse them.

**EVIDENCE:** *Bill of exceptions.* Errors assigned may be considered on appeal although the bill of exceptions does not purport to contain all of the evidence, where that included is identified by the judge as having been introduced at the trial.

**Appeal:** RECORD: *Judge and reporter.* Evidence taken down in shorthand, after being transcribed, may, when duly certified by the trial judge, become a part of the record without the certificate of the official reporter.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, OCTOBER 14, 1898.

ACTION for recovery of damages occasioned by the destruction of a hedge fence growing on land alleged to belong to the plaintiffs, but which, according to the answer of the defendants, had been dedicated to the public use as a highway. Trial to jury; verdict and judgment for the defendants; and plaintiffs appeal.   The death of Mary A. Philbrick having been suggested, her administrators have been substituted as parties plaintiff in this court.—*Affirmed.*

*Day & Corry* for appellants.

*J. K. Macomber* for appellees.

LADD, J.—Our conclusion in *Deitz v. Capitol City B. & P. Co.,* 103 Iowa, 542, made a re-hearing in this case necessary. It was there held that evidence taken down in shorthand, after being transcribed, may, when duly certified by the trial judge, become a part of the record without the certificate of the official reporter. While the bill of exceptions does not purport to contain all the evidence, that included is identified by the judge as having been introduced at the trial. The errors assigned, then, may be considered.

II.   The parcel of land, containing ten and five-tenths acres, belonging to the plaintiffs, is twenty-four rods wide on the south, and between it and the section line is a strip twenty-five feet wide, in the name of one Turner.   North street is along the section line, includes this strip, and, as will be noticed, with the eight feet from the south end of the plaintiff's land, would be a highway of the usual width.   The defense was that this strip of eight feet along the south end of plaintiff's land had been dedicated to the public use.   A hedge which had been growing on it for twenty-five years was cut down and destroyed by the officers of the incorporated town of University Place.   The right to recover damages, then, depends on whether this strip eight feet wide had been dedicated by plaintiffs and accepted by the public.   In 1884, S. D. Philbrick, then owner, and others, petitioned the board of

supervisors for the location of a highway where North street is, and which would include the land in controversy. As this proposed street was situated in the limits of an incorporated town, the board was without jurisdiction. *Gallaher v. Head,* 72 Iowa, 173. We need not inquire, then, whether the signature of Turner might have been dispensed with because of an earlier dedication by him.

In the second instruction, after advising the jury concerning the law of dedication, the court told them that they might consider the filing of this petition in connection with the other evidence in determining whether Philbrick intended to dedicate this land to the public use, and whether by signing it he so intended. Exception is taken to this instruction, and it is urged that he is presumed to have signed the petition upon the consideration that all the other property owners would do likewise, and because it permits the jury to construe the petition. But it is well settled that no particular form is necessary for the dedication of land for a highway. The vital question as against the owners is always whether the *animus dedicandi* may be inferred from the facts proven. Philbrick will be presumed to have acted for some purpose in signing and presenting this petition to the board of supervisors. If that board had any jurisdiction over the street, it might do to say that he signed in consideration of all other property holders to be affected doing likewise. But, as appellants contend, he is presumed to know the law, and that whatever the board might do would be of no validity. What the circumstances were in connection with the signing of the petition, its presentation, or the order by the board establishing the road, is not disclosed by the record, as all the evidence is not before us. If, immediately after the highway was petitioned for and ordered, it was used by the public, and acquiesced in by Philbrick and others, the natural inference to be drawn would be that the parties had adopted their own method of establishing the street; i. e. that of dedication. In other words, the circumstances connected with the signing and presentation of this petition may have been such as to warrant

the conclusion that in doing so he intended to yield the eight-foot strip of land for the public use.

III.   In the fourth paragraph of the charge the jury are told the record of the board establishing the highway cannot be considered as showing a legal highway, but that "it was admitted in evidence as a matter of history, and as possibly throwing some light on the question whether or not S. D. Philbrick dedicated eight feet of the south side of his land to the public use as a street or highway." The consideration to be given this record necessarily depends upon the evidence adduced.   If made at the instance and with the approval of Philbrick, it was not only important as a part of the history of the transaction, but might well be deemed to have some bearing on his purpose in signing and presenting the petition. In such event it became one of the circumstances to be considered in determining his intention in what he did. Error must affirmatively appear; and, if the evidence might have been such as to warrant giving an instruction, the presumption will be indulged in favor of the action of the court.

IV.   The petition referred to was received in evidence without objection, and, though the record of the order establishing the road was objected to, there was no ruling.   It is needless to say that the errors relating to the introduction of this evidence, though earnestly argued, not being based on any ruling, require no attention.  Other assignments relate to the refusal of instructions asked by appellants.   These are stated rather than argued.   The instructions asked, in so far as correct, are included in those given.  The judgment will be AFFIRMED.