WICKRE et al., Appellants, v. INDEPENDENCE TOWNSHIP
et al., Respondents.

(141 N. W. 973.)

1.  **Highways—Establishment—Petition For—Jurisdiction.**
    Under Pol. Code, Sec. 1707, authorizing establishment of a highway by town supervisors upon petition of not less than six legal voters, etc., the supervisors have no jurisdiction, and the petition should not have been filed, where but four qualified persons sign it.

2.  **Establishment—Jurisdiction—Estoppel.**
    Signers of a petition for establishment of a highway were not estopped to question jurisdiction of town supervisors to lay it out, because the petition was not signed by the required six qualified signers; the signers not having received or accepted damages allowed them, and brought action to restrain opening of the highway before it was opened, since it is presumed that they signed expecting and believing that sufficient persons would sign it to render it legal.
        Smith and Gates, J. J., dissenting.

3.  **Establishment—Waiver of Damages—Estoppel.**
    The signer of a petition for establishment of a highway was not, by waiver of damages allowed her in the proceedings, estopped to question jurisdiction of town supervisors to act on

the petition, on the ground that it did not have the statutory number of signers.

Smith and Gates, J. J., dissenting.

4.   **Appeal—Dedication   of   Highway—Pleadings—Presumption   in Support of Judgment.**

In a suit to restrain establishment of a highway, defendants pleaded regularity of proceedings to establish and that plaintiffs were estopped, but did not plead a common-law dedication by plaintiffs.  Held, it cannot be presumed, in support of trial court's judgment, that it based its decision upon a finding of such dedication.

Smith and Gates, J. J., dissenting.

5.   **Highway—Dedication—Acts Constituting.**

Where land owners fenced in a strip of land described in a petition for establishment of a highway, until the fence was removed by town supervisors, and continued to use it as their property, did not, by signing an inadequate petition for establishment of such highway, dedicate the strip described in the petition as a highway, since the keeping up of fences and gates rebuts any presumption of intention to so dedicate.

Smith and Gates, J. J., dissenting.

(Opinion filed May 24, 1913.)

Appeal from Circuit Court, Day County.  Hon. FRANK Mc-NULTY, Judge.

Action by H. O. Wickre and others against Independence Township and others, to restrain the opening of a highway.  From a judgment for defendants and an order denying a new trial, plaintiffs appeal.  Reversed.

*Anderson & Waddel,* for Appellants.

We contend that the board of supervisors, under the laws of this state, have no power to act at all relating to the laying out of a public highway until there is presented to them a petition signed by at least six legal voters who own real estate or who occupy real estate under the homestead or preemption laws of the United States or under contract from the state of South Dakota, within one mile of the road to be laid out.  Political Code, Sec. 1707.

Upon the petition presented to the board of supervisors there were not six persons qualified to sign the same.  Town of Wayne v. Caldwell, (S. D.) 47 N. W. 547.

The statutory requirements which pertain to private individuals alone as to manner of procedure may be waived by the parties in interest, but that portion of the statute in which the

public have a general interest must be strictly followed in order to make the proceeding valid.  7 Ency. Pl. & Prac. 468, 496; Lewis v. Railroad, 58 N. W. 580; Flatton v. Dell Plaine, 19 Wis. 459.

It being true that the supervisors did not acquire jurisdiction, we contend that the board's action was void from the beginning and that nothing that these appellants or either of them could have done would or could cure such defects or restore to validity the actions of the board.   That under such circumstances the doctrine of estoppel is not applicable.

Failure of the board of supervisors to file and make a record of the award of damages invalidated the proceedings.  Sec. 1711, Political Code.

*H. H. Potter,* for Respondents.

The petition shows that the plaintiffs were the sole owners of the land over which the proposed highway was to run.  They thus in clear and unmistakable terms manifested an intention to dedicate to the public use their land for the highway, described in the petition.

The action of the township authorities, even if in some respects irregular, amounted to an acceptance for the township of the highway and the land over which it was to run.

Equally trivial is the claim that because one of the petitioners was a woman and therefore not a legal voter, the location of the highway was void.  She, being the owner of the land, could consent to the location of the road and did so consent.  These appellants having signed this petition, and put in motion the proceedings to locate the highway and being the sole owners of the land over which it runs, have, as between themselves and the public, dedicated this land to the public use as a highway, and are estopped from denying its existence.

A highway may be created by any act indicating an intent of the land owners to give their land for that purpose, and an acceptance of such dedication by the public through its officers. Kothe v. Board of Supervisors, (S. D.) 103 N. W. 657; Karber v. Nelis, 22 Wis. 218.

WHITING, P. J.　Plaintiffs brought this action seeking to restrain defendants from opening up, as a public highway, a four-rod strip of land crossing the farm lands of plaintiff's. In their complaint plaintiffs alleged that defendants had attempted to lay out such highway, and plaintiffs set forth, in some detail, respects wherein their actions were irregular as statutory proceedings. Defendants, answering, admitted that plaintiffs were the owners of the land in question; admitted that they had taken proceedings for the purpose of laying out a highway over such strip; denied that such proceedings were irregular; alleged that such proceedings were in compliance with the statute and regular; and alleged that the highway was duly established. For a second defense, and by way of estoppel; defendants alleged that plaintiffs signed a written petition asking for the laying out of a highway along the strip in question, that such proceedings as were had by said board were in pursuance of and in accordance with the written request of the plaintiffs; and that therefore the plaintiffs were estopped from denying the existence of said highway. The trial court made and entered findings of fact to the effect that plaintiffs were owners of the lands in question; that defendant township was a municipal corporation and the other defendants supervisors thereof; that, in the month of July, 1908, certain proceedings were had, on the part of said township and the supervisors, to lay out a road along the line as described in the complaint, which road ran over and across the lands of plaintiffs and across no other lands; that a written petition, describing said road, and in due and legal form requesting the establishment thereof, was signed by plaintiffs; that such petition was properly filed, and notice of the hearing thereof properly given to each of said plaintiffs, except plaintiff Wickre; that thereafter the supervisors made an order establishing said road in accordance with the petition; and that all of said proceedings were had and done at the request of plaintiffs as made in said petition signed by them and presented to said board. Upon such findings the trial court rendered its conclusions of law, holding that the plaintiffs cannot be heard to complain of the location of said road, and are not entitled to the relief prayed for. A judgment was rendered and

motion for new trial made and denied. Plaintiffs have appealed from such judgment and the order denying a new trial.

[1] The motion for new trial was based upon the alleged insufficiency of the evidence to justify the findings, for the reason that the petition did not contain the requisite number of qualified signers. This proceeding was had under and by virtue of article 11, c. 17 Pol. Code, which provides the procedure for the altering, discontinuing, and laying out of roads by township authorities. Section 1707 of such Code—being one of the sections of the above article—provides that: "The supervisors of the town may alter or discontinue any road or lay out any new road upon the petition of not less than six legal voters who own real estate or who occupy real estate * * * within one mile of the road to be altered, discontinued or laid out." Such a petition forms the basis for any future proceedings, and without it the board of supervisors can acquire no statutory authority to lay out a road. It is absolutely undisputed in this case that the original petition was signed by the three plaintiffs and that there were only two other signers to such petition, one of whom was concededly disqualified. One of the appellants, being a woman, and therefore not a legal voter, was also disqualified as a signer, leaving only four qualified signers to said petition. Such petition cannot be "properly filed"; neither does such a petition "in due and legal form" request the establishment of a road. This court has said, in the case of Town of Wayne v. Caldwell, 1 S. D. 483, 47 N. W. 547, 36 Am. St. Rep. 750, that: "The altering and laying out of roads for the use of the public is taking private property for public use, and every substantial requirement of the statute must be complied with by the supervisors of the town; otherwise their proceedings will be void."

[2] The supervisors were without any jurisdiction in the matter before them when they held the meeting at which they attempted to enter the order laying out the road in question; the only question presented to us is whether or not appellants estopped themselves from questioning the jurisdiction of said supervisors, and therefore estopped themselves from denying a statutory establishment of the highway. Respondents' answer precludes any presumption that the trial court may have found a common-

law dedication, even if the facts proven would have supported such a conclusion.   There is a broad difference between facts and circumstances sufficient to estop one from denying a statutory establishment of a highway and such as might ·tend to prove a common-law dedication of such highway.   The rule of estoppel to deny the regularity of statutory proceedings has been often applied in this and analagous classes of cases—it has been applied by this court even to the extent of forbidding persons from questioning the constitutionality of a statute under which such proceedings were undertaken (De Noma v. Murphy, 28 S. D. 372, 133 N. W.703)—but such estoppel has been decreed only in those cases where the parties have stood by and allowed the authorities to proceed and make improvements, or do other things in pursuance of or in carrying out the order based upon the irregular or unwarranted proceedings.   The only basis for a claim of estoppel in this case is the fact that appellants signed the original petition; that at least one of them was present at the hearing thereon; that the board considered the question of damages and made an allowance in favor of the appellant Wickre, one in favor of appellant Erickson, who afterwards waived the same, and found that the appellant Nordness was benefited to an amount such as would offset any damage suffered from the laying out of such road.   There does not apear to have been any record made of these proceedings in relation to the allowance of damages, and it is not claimed that any one of the appellants, as a matter of fact, received and accepted any damages.   Upon the other hand, the supervisors never attempted, so far as the evidence shows, to carry out this order laying out this road until in the summer of 1909, when they served notice upon appellants Wickre and Erickson to remove their fences, and afterwards proceeded to cut down these fences which obstructed the proposed highway.   These acts of respondents, taken undoubtedly with a view to the opening up of the proposed highway, were the immediate cause of the bringing of this action, wherein appellants seek to restrain respondents from opening up such highway.   It will thus be seen that, instead of standing by and allowing improvements to be made without objecting thereto, appellants did nothing that should estop their questioning the legality of the order purporting to lay

out this road, unless it was the signing of the petition. A party in signing a petition must be presumed to do so with the expectation and belief that sufficient persons will sign the same to render it of legal effect; and certainly the mere signing of a purported petition, which in fact never becomes a legal one, in no manner estops the signer from questioning the validity of the order based upon such petition, when such order is called into question before any work has been done in reliance thereon, and without objection on the part of petitioner.

, [3] The mere allowance of damages without the acceptance thereof certainly can estop no one. It is true that appellant Erickson signed a written waiver of damages, but that cannot estop her, for the simple reason that the court must presume it was signed with the understanding that the road would be legally laid out throughout its entire length, bringing to her such benefits as would result therefrom.

[4, 5] We have called attention to the fact that a common-law dedication was not pleaded by defendants, and that therefore it cannot properly be presumed that the trial court based its decision upon a finding of such dedication; but it has been suggested that such may have been the views of the trial court. If the pleadings had raised this defense, and it had appeared from the records that it was upon a finding of common-law dedication that the court based its ruling, yet such a holding could not stand under the evidence in this case. While it must be conceded that matters pertaining to a statutory proceeding—such as the signing of a petition—may become competent as evidence tending to show an intention to dedicate, or even as tending to show a dedication, yet there was not enough in the evidence before the trial court to warrant it in finding a dedication. In the case at bar it appears that the appellant Wickre had had this strip of land fenced for some 12 years, and that, even after receiving notice from the supervisors to remove this fence, he kept the fence standing until it was cut down by the supervisors. Appellant Erickson, after receiving notice of an intent upon the part of the supervisors to lay out this road, caused the proposed highway, where it crossed her land to be fenced. No intent to dedicate land can possibly be found to exist where it is kept inclosed with a fence and is used

by the owner as his own property. The keeping up of fences and gates, even where a landowner permits the public use of a roadway across his lands, is held to rebut any presumption of intent to dedicate such road as a public highway. Elliott, Roads and Streets (3d Ed.) § 184. There certainly was no chance to find a dedication under the facts in the case before us.

The judgment and order appealed from are reversed.

SMITH, J. (dissenting). The material facts appear to be undisputed. In the year 1908 a petition for laying out the alleged highway was presented to the board of supervisors of Independence township. The plaintiffs, Wickre, Nordness, and Erickson, were among the six signers of the petition. The supervisors of the township made an order establishing a public highway in accordance with the demand of the petition. It is conceded that plaintiffs were the owners of the land over which the highway was established, and that it extended over no other lands than those belonging severally to plaintiffs. The trial court *found as a fact* that a public highway existed at the point where the fences were erected by plaintiffs. The ground of the motion for new trial was insufficiency of the evidence to justify the finding of fact, *in that the petition did not contain the requisite number of qualified voters.* This is the only error assigned.

It is conceded that the petition was signed by only six persons, among them plaintiffs Erickson, Wickre, and one Amundsen; that Martha Erickson is a woman, and not a legal voter; that Amundsen did not own real estate, or occupy real estate under the Homestead or Pre-Emption Laws, or under contract from the state of South Dakota, within one mile of the road to be established; that Lars Boland, one of the signers of the petition, was a member of the board of supervisors of Independence township, and took part in the proceedings upon the petition; that no notice of hearing was served on plaintiff Wickre, and that he did not appear or take part in the hearing; and that no record appears in the office of the township clerk of Independence township showing that any damages were paid, except to Martha Erickson.

Appellants contend that this evidence is insufficient to sustain the finding of the trial court that a highway existed. Appellants' full contention is that the board of supervisors had no power to act

until a petition was presented to them signed by at least six legal voters, having the qualifications prescribed by section 1707 of the Political Code. This section requires that the signers shall be legal voters. Martha Erickson was not a legal voter, and it is contended the petition is insufficient to confer jurisdiction. The question of the disqualification of the other signers becomes immaterial and need not be considered.

Respondent contends that plaintiffs, being the sole and exclusive owners of the real estate over which the proposed highway was established, having signed and presented a petition requesting the laying out and establishment of the road, in view of all the surrounding circumstances, manifested a clear and unequivocal intention to dedicate the land described in the petition for use as a public highway, and such petition and request, having been accepted and acted upon by the board of supervisors, and the highway established as requested by them, they are estopped from denying the existence of the highway. It will be assumed that if the evidence is sufficient to show an estoppel, it is sufficient to sustain the finding of the trial court. Appellants' entire contention is founded upon want of jurisdiction, arising from the fact that the petition was not signed by six legal voters owning land, as required by statute. It is well settled that the doctrine of estoppel may apply even when there is want of jurisdiction. Stewart v. Com'rs, Wyandotte County, 45 Kan. 708, 26 Pac. 683, 23 Am. St. Rep. 746; Hutchinson & S. R. Co. v. Board of Com'rs, 48 Kan. 70, 28 Pac. 1078, 15 L. R. A. 401, 30 Am. St. Rep. 273; Mott v. Water Co., 48 Kan. 12, 28 Pac. 989, 15 L. R. A. 375, 30 Am. St. Rep. 267.

In the case of Farr v. City of Detroit, 136 Mich. 200, 99 N. W. 19, it was held that, though a petition for the improvement of a street was not signed by a majority of the frontage, estoppel may exist, though it was conceded there was an absolute want of jurisdiction. The decisions apparently are not in harmony as to the particular facts on which an estoppel may be founded. Each case necessarily depends upon its own particular facts. It is conceded in this case that the petition was not signed by six legal voters as required by the statute. It is therefore impossible to assume that the trial court intended to base its finding as to the existence of

the highway, upon the view that the proceedings were regular under the statute. But the ultimate conclusion of fact in the finding, to wit, that a public highway existed at the point where the obstructions were placed by' defendants, must have been based upon the evidence in the record. The trial court must have proceeded upon the facts that the highway had been laid out and accepted according to and in compliance with the petition and request of appellants, and therefore held them estopped to deny the existence of the highway. No question is made by appellants but that the highway was laid out strictly as prayed for in the petition. The original record shows that plaintiff Erickson accepted and then returned damages, and signed a waiver; that a warrant for damages was sent Wickre, who returned the same, and Nordness was found by the township board to be benefited in excess of damages, because the old road angled across his land and the new road was on his line. With this change the new road took the place of former private roads over lands of plaintiffs. It is conceded that the highway was upon lands owned exclusively by appellants, and that no other property owners had any interest in the proceeding. The highway petitioned for was absolutely complete in itself; so far as the record discloses the petition did not contemplate any necessity or expectation of its extension beyond appellant's lands. Presumptively the proposed highway made satisfactory connections with existing highways. The trial court in the conclusions of law must have relied upon the doctrine of implied dedication.

In Elliott's Roads and Streets, §. 137 (3d Ed.) it is said: "An implied dedication is one arising, by. operation of law, from the acts of the owner. It may exist without any express grant, * * * * nor does it necessarily presuppose one, but it is founded on the doctrine of equitable estoppel. As said by the Supreme Court of the United States, 'the law considers it in the nature of an estoppel in pais,' and holds it irrevocable. It may be established by evidence of conduct, and in many ways. In one case it was declared that, 'The authorities show that dedications have been established in every conceivable way by which the intention of the party could be manifested.' If the donor's acts are such as indicate an intention to appropriate the land to the public use, then, upon acceptance by the public, the dedication becomes complete." Sec-

tion 138: "If the acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and they are so received and acted upon by the public, the owner cannot, after acceptance by the public, recall the appropriation." The acts of the owner must be such as indicate an intention to appropriate the land to public use. In this connection "a misconception of the true meaning of the rule that the intent to dedicate must be clearly shown has, it seems to us, carried some courts to erroneous conclusions. While it is true, that this intent must always appear to exist it is not true that it must always in fact exist in the mind of the owner, * * *. In one of the familiar maxims of the law is expressed a principle that should be applied in cases of dedications, and that is that a man is presumed to intend the usual and natural consequences of his acts. There is no reason why sound general principles, found to be wise and salutary in other instances, should not apply to dedications. * * * " Section 140, Id.

From the undisputed facts in this case it appears that appellants requested that a public highway be laid out and established across their own lands; that the proposed highway was complete in itself; that no others save the petitioners and the public had any rights or interests which might be affected by the establishment of such highway—the intent that so much of their own lands as were described in the petition should be used by the public as a highway is absolutely clear. It might be suggested that this intent was conditioned upon the allowance of damages for appropriation of the land. But upon the assignment of error no such question arises.

It is conceded that one of the appellants accepted damages, and none of them make complaint on that ground. If appellants relied upon any condition, such conditions should in some manner, have been made to appear in the record. It may be fairly presumed that damages were awarded to all even though accepted only by one, and that the adequacy of the allowance is not questioned. The authority of the township board to accept a dedication on behalf of the public is not questioned. That they did accept conclusively appears from the order establishing the highway, and their assertion of jurisdiction and control over it in this action. Elliott, §§ 165-169; Atlantic City v. Snee, 68 N. J. Law, 39, 52 Atl. 372;

Plumb v. City of Grand Rapids, 81 Mich. 381-392, 45 N. W. 1024. It is apparently well settled that an attempt to make a statutory dedication may operate as a common-law dedication, although defective and insufficient as a statutory dedication. See Elliott, § 126, and numerous decisions there cited; State v. Devall, 157 Mo. App. 587, 138 S. W. 667; Trickey v. Schlader, 52 Ill. 78.

In City of Burlington v. Gilbert, 31 Iowa, 356, 7 Am. Rep. 143, one of the distinguished judges of that state said: "And we are of opinion that, after having thus signed and presented the petition to the city council, thereby inducing the city to enter upon the improvement requested in the petition, the defendant is estopped from objecting that his petition was not sufficiently signed." This rule is followed by the Supreme Court of Missouri in Cross v. City of Kansas, 90 Mo. 13, 1 S. W. 749, 59 Am. Rep. 1. The same rule was applied in Bidwell v. Pittsburg, 85 Pa. 412, 27 Am. Rep. 662.

The decision of the Iowa court is criticised by the Court of Appeals of New York in Petition of Sharp, 56 N. Y. 257, 15 Am. Rep. 415. In that case appellant with other owners of property signed a petition for repaving a street with Nicholson pavement, which petition was presented to the board, and a resolution passed to repave the street as prayed. The street was paved, and an assessment made to cover the cost. It was contended that petitioner was estopped. Apparently no other facts were relied upon. The court says: "Upon principle, there is no basis for such an estoppel. All that the petitioner did was as a property owner to petition the board to proceed and repave the street in the mode desired by him, as he lawfully might. He made no representation to the board that the signers constituted a majority of the owners of property fronting on the street, or anything to that effect; he had a right to rely upon the performance of its duty by the board, which was upon the presentation of the petition and before basing any action thereon to ascertain whether the numbers who had signed were sufficient to confer jurisdiction to act. Signing or presenting it was no assertion of its sufficiency in this respect. It contained a representation that the petitioner owned property fronting upon the street, and that he desired, in case a sufficient number of like owners united therein, to constitute a majority,

that the street should be paved with Nicholson pavement. A party is estopped only when by his declarations or conduct he has induced another to act upon the supposed existence of a fact, and would be in consequence injured by showing its non-existence." The case is authority for the proposition that one who signs a petition such as there described is not estopped merely by having signed; no other facts appearing to aid an estoppel. The language of the Iowa court, when considered in connection with the facts, perhaps lays down no broader rule. But the New York case did not involve a question of implied dedication, and is not authority for the proposition that signing and presenting a petition is not competent evidence with other facts to establish a dedication. The distinction is suggested in the case of Philbrick v. Town of University Place, 106 Iowa, 352, 76 N. W. 742, wherein that court says: "But it is well settled that no particular form is necessary for the dedication of land for a highway. The vital question as against the owners is always whether animus dedicandi may be inferred from the facts proven. Philbrick will be presumed to have acted for some purpose in signing and presenting this petition to the board of supervisors. If that board had any jurisdiction over the street, it might do to say that he signed in consideration of all other property holders to be affected doing likewise. But, as appellants contend, he is presumed to know the law, and that whatever the board might do would be of no validity. * * * In other words, the circumstances connected with the signing and presentation of this petition may have been such as to warrant the conclusion that in doing so, he intended to yield the eight-foot strip of land for the public use."

So in the case at bar appellant must be presumed to have known that Mrs. Erickson, one of the six signers of the petition, was not a legal voter, and that the petition was not signed as required by the statute. But, having this knowledge, appellants presented the petition to the board, praying the establishment of a highway across their own lands, knowing that its establishment affected no rights or interests save those of the public and themselves. The signing and presenting the petition and the attendant facts certainly were competent evidence upon the question of intent to dedicate their land to public use as a highway.

In Gray v. Haas, 98 Iowa, 502, 67 N. W. 394, that court said: "It is contended that the defendant signed a petition consenting to a highway over the disputed ground, and it is said this would amount to evidence of a dedication. It appears that defendant did sign such a paper. If this was done as an independent act on his part, there is no doubt the case should have gone to the jury to determine, from all the evidence, the intent of the defendant as to dedication."

The case of Chase v. Cochran, 102 Me. 431, 67 Atl. 320, is cited as authority for the rule that signers of a petition for laying out a highway are not thereby estopped to deny the legality of its subsequent location. In that state it was the sole province of the Legislature to determine whether in such cases public convenience required the establishment of a highway. It is apparent that the owner of property in that case was without power to create a public highway by dedication. It was held that the municipal authorities were presumed to know the law as well as the petitioner, and that neither they nor the petitioner had power to dedicate, or to establish, the highway petitioned for. It was said also that the prayer of the petition was presumably conditioned that the consent of the Legislature should be obtained before basing any action on the petition, and, that consent not having been obtained, the petitioners were not estopped to deny the legality of the subsequent location. In these cases are found conditions, direct or implied, in the petition itself, which cast upon the municipal officers the duty of ascertaining and determining some fact. But such conditions could hardly be held operative as to either party, where all the facts were known to both parties, as well as the law governing them.

In the case at bar the sufficiency of the petition presented to the board of supervisors was a matter of law, presumably as well known to appellants as to respondents. The petition not having the statutory number of qualified signers, and no others than the signers having any interest in the highway, might it not be fairly presumed that petitioners intended to dedicate their land to public use, and to ask the board to accept the dedication and assume the responsibility of maintaining the highway? If the acts of appellants were such as operate as a dedication, the fact that fences

were erected or permitted to remain on the land dedicated is immaterial, and affects the rights of the public no more than if the dedication had been by a formal written deed. No error is assigned in respect to variance of findings from the pleadings, and the allusions to sufficiency of the pleadings to sustain the findings is wholly gratuitous.

I am satisfied there was sufficient evidence before the court to sustain the finding of estoppel, and that a public highway existed, and that the judgment and order of the trial court should be affirmed.

GATES, J.  I concur in the views expressed by SMITH, J.